WILLIAM B. KINGSTON ET AL. V. WILLIAM M. PICKINS ET AL.

1. UNCERTAINTY IN DESCRIPTION IN A DEED.—Where the uncertainty of description in a deed does not appear from the face of the deed, but arises from extraneous facts, parol evidence is admissible to remove or explain it.
2. SAME—PRACTICE.—In such cases the deed should be admitted, together with the parol evidence; the identity of the land is then a mixed question of law and fact.
3. SAME.—See a description, though vague and uncertain, held admissible, with other evidence to identify the land intended to be conveyed.
4. CALLS IN A DESCRIPTION OF LAND.—See a discussion of contradictory calls, with reference to ascertaining the meaning of the conveyance.

APPEAL from Delta. Tried below before the Hon. W. H. Andrews.

William B. Kingston and his sister, Mary E. Evans, joined by her husband, sued William Pickins and the heirs of Moses Belcher, deceased, claiming two ninths of a tract of one hundred and eighty acres, which had been the homestead of their deceased father, Thomas Kingston and his widow, Salina Kingston, and which it was alleged was the separate property of said deceased Thomas Kingston. Plaintiffs also alleged that defendants held by purchase the interest of the remaining heirs.

Defendants pleaded not guilty; statute of limitation of three, five, and ten years, and set up title in themselves.

The tract of land sued for was described in the petition as "part of the headright of Silas Evans, being one hundred and eighty acres sold to the said Thomas Kingston by John H. Portwood, by deed bearing date February 5, 1857," * *

being "two hundred and twenty, less forty acres, out of the three hundred and twenty acres survey patented to Silas Evans, patent No. *110;* the forty acres being out of the northwest corner of said two hundred and twenty acres, which is described as follows, to wit: one hundred acres, beginning three hundred yards from the southeast corner of said three hundred and twenty acres survey; thence running north, to include the house in which John H. Portwood lived; thence west, so as to make one hundred acres. The other one hundred and twenty acres lying due north of the first hundred, in a square as nearly as possible, out of which last one hundred and twenty acres the forty acres are taken."

On the trial, the plaintiffs, after proving their heirship, (with nine others,) as children of Thomas Kingston, deceased, and proving that Portwood had had possession of, and claimed by some kind of title under the patentee Evans, the land in controversy, offered in evidence the deed from Portwood to Thomas Kingston for one hundred and eighty acres out of the Evans three hundred and twenty acres tract; the field-notes and description in the deed being the same as set out in the petition, to which deed defendants objected, "because of uncertainty and want of description," which objection was sustained, and the deed excluded. In connection with the deed, plaintiffs offered testimony showing that the house referred to in the deed was near the north boundary of the Evans three hundred and twenty acres tract, (the lines of which ran with the cardinal points,) and that a survey could not be made by the calls in the deed with the house on the first tract, but that it could be made by disregarding the call for the house; that the house would be on the second tract if surveyed by the other calls; that there had been a stake north of the southeast corner of the Evans tract for many years, and which was regarded as the corner of the Kingston tract.

The court instructed the jury to find for the defendants, and plaintiffs appealed.

*Hale & Scott* for appellants.

MOORE, ASSOCIATE JUSTICE.—The construction of a deed, being a matter of law, is for the court. If, therefore, the land intended to be conveyed by it, be so inaccurately described that it appears, on an inspection of the deed, the identity of the land is altogether uncertain and cannot be determined, the court should pronounce it void; but when the uncertainty does not appear upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it. In such case the deed should not be excluded from the jury, but should go to them along with the parol evidence, to explain or remove such ambiguity; and the identity of the land is then a mixed question of law and fact, to be determined by the jury under the instructions of the court.

While the description of the land in the deed from Portwood to Thomas E. Kingston is unquestionably quite vague and indefinite, it cannot, we think, be said it shows upon its face that the land referred to cannot be identified. If it did, the defect could not be cured by the submission of evidence of extraneous facts to the judge, as a predicate for the admission of the deed in evidence, as appellants seem to have supposed.

It appears from the record that the principal, if not only, difficulty in locating the land from its description in the deed, arises from the fact that the house referred to in describing it, is situated farther north than the parties seem to have supposed when the deed was executed; while, should the other requirements for designating and surveying it be observed, the house is found upon the second instead of the first tract mentioned in the deed. This, however, in view of all the facts, is, in our opinion, a matter of little consequence. The call in the deed for extending the first line from the initial point north, to include the house, as clearly appears from the evidence, would conflict with other requirements for the loca-

tion and designation of the land.   But while it was evidently intended and understood by the parties to the deed that the house was upon the land sold, it cannot be supposed that it was a matter of any moment whether it was on the first or second tract.   As it was uncertain how far east the second tract would extend, it was probably intended by the call for the extension of the first line far enough to include the house, to guard against the danger of its being found on running the lines on that part of the original survey not sold to Kingston, lying east of the second tract.   The mention of it as indicating the length of the first line cannot be regarded, under the circumstances, as the superior or controlling call for locating and identifying the land described in the deed.

The two tracts were to contain two hundred and twenty acres, out of a square survey of three hundred and twenty acres; consequently the two tracts described in the deed must include all of the original survey except one hundred acres.   The first tract contains one hundred acres, and calls to run from the beginning point north, with the east line of the original survey, and from the second corner by a direct west line; and as may be reasonably inferred, was intended to be a rectangular survey.   The second tract lies immediately north of the first, and bounds on its second line, and is required to be surveyed as nearly as practicable in a square, and to include a reservation of forty acres in the northwest corner of the original survey.   It follows that this tract lies between the north line of the original survey and the second line of the first tract called for in the deed, and extends from the west line of the original survey far enough to include its proper quantity of land.   It is obvious, the further the first tract is extended north the greater must be the departure of the second from a square.   It is also evident that the parties intended that the line from the beginning corner should only be protracted far enough north for a direct west line to include one hundred acres; and that they supposed if this were done, the house would be on this tract.

In this they were mistaken.   But we think it best comports with their intention to locate this tract so as to go as near the house as possible without giving to it an excess in quantity of land, interfering as little as practicable with the shape, quantity, and other calls of the second tract; and that this is done by a rectangular survey of the proper width across the original tract, to include one hundred acres, with the second tract, of the quantity of land called for, immediately north and adjoining the first, and as nearly in the required shape as practicable.

Appellants' counsel also claims that the judgment is erroneous, because, as he maintains, appellees claimed under a common source of title with appellants, and therefore the deed from Portwood to Thomas E. Kingston, their father, was immaterial.   But whatever may be the fact, it does not appear from the evidence or by appellees' answers that they claim to have derived their title in this way.   This proposition is consequently wholly inapplicable to the case as now presented.

For the error of the court in excluding from the jury the deed from Portwood to Thomas E. Kingston, the judgment is reversed and the cause remanded to the District Court.

REVERSED AND REMANDED.