GULF, C. & S. F. RY. CO. v. CURRIE et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1913.)

1. APPEAL AND ERROR (§ 738*)—ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

An assignment of error in the admission of testimony of three witnesses over objection on different grounds, set out in three different bills of exception, was objectionable as multifarious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3033; Dec. Dig. § 738.*]

2. APPEAL AND ERROR (§ 931*)—PRESUMPTIONS—TRIAL TO COURT.

Where a case was submitted to the court without a jury, it will be presumed that the judgment was based on that portion of the testimony which was admissible and competent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

Appeal from Jasper County Court; W. R. Blackshear, Judge.

Action by L. W. Currie and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terry, Cavin & Mills, A. H. Culwell, and Jno. G. Gregg, all of Galveston, for appellant. Garland Smith, of Jasper, for appellees.

HODGES, J. This suit was instituted by the appellees against the appellant to recover damages for injuries to a shipment of cattle. The cattle were delivered to the appellant at Jasper and destined to Ft. Worth. The case was tried before the court without a jury, and a judgment rendered in favor of the appellees for the sum of $190.65. The evidence shows that there was considerable rough handling in transit, and a delay of 24 hours. A number of the cattle were killed as a consequence of the rough handling and by being trampled upon by others, and the court finds that the live cattle were considerably damaged by the delay.

[1] Appellant's first assignment of error complains of the action of the court in admitting over its objection the testimony of three witnesses, upon different grounds set out in three different bills of exception. The testimony objected to was offered for the purpose of showing the weight of the cattle when shipped, as a basis for computing the loss resulting from the negligence charged. All three of the witnesses gave their opinions as to what the cattle weighed when delivered to the carrier. They also testified that the cattle were not weighed, because there were at the point of shipment no facilities for weighing them. The principal ground of the different objections seems to be that none of the witnesses had shown the necessary qualifications to give their opinions or estimates of the weight of the cattle. All of those objections being embraced in one assignment renders it multifarious. It may be that one of those whose testimony was objected to had not shown the proper qualifications to authorize the court to consider his opinion on that subject, but this cannot be said of both of the others. These facts are sufficient to justify us in not considering this assignment, or, if considered, would require us to overrule it.

[2] The case having been submitted to the court without a jury, it will be presumed that he based his judgment upon that portion of the testimony which was admissible and competent. The remaining assignments of error complain of the action of the court in refusing to give a new trial, because of the insufficiency of the evidence to support the conclusions upon which the judgment was based. It is unnecessary to enter into a detailed statement of the testimony adduced upon the trial.

We are unable to say as a matter of law that it was insufficient to support the conclusions reached, and the judgment is therefore affirmed.