HOLMAN et al. v. HOUSTON OIL CO. et al. (No. 6643.)

(Court of Civil Appeals of Texas. Galveston. Feb. 1, 1915. Rehearing Denied March 4, 1915.)

1. DEEDS ⬤⟞119—INTENTION—LAND CONVEYED—QUESTION FOR JURY.

Whether it was the intention by a deed, in terms, of "810 acres, * * * part of the H. league, * * * the same to be an undivided interest in said * * * league, and * * * being the interest owned by my father" therein, to convey only 810 acres, or the entire interest of 1,789 acres which the father had owned, held, under the evidence, a question for the jury.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 342, 343; Dec. Dig. ⬤⟞119.]

2. DEEDS ⬤⟞118—INTENTION—LAND CONVEYED—EVIDENCE.

On the question whether, by a deed from W. to L., in terms of 810 acres, in a certain league, "being the interest owned by my father," H.,

therein, it was the intention to convey only 810 acres or all the interest H. had had in such league, if it was more, a deed from J., H.'s father, to B., of 1,000 acres, was admissible, there being a strong probability that the description in such deed, when applied to the ground, would show that the land attempted to be conveyed thereby was a part of such league, and at least a probability that such deed, though not on record when W.'s deed to L. was recorded, was known of by W.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. ☞118.]

3. APPEAL AND ERROR ☞1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error, in admission of evidence to show it was intended by a deed to convey only 810 acres, will be held harmless; there having been other evidence amply sufficient to justify the jury's construction of the deed as conveying only that amount.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ☞1051.]

4. DEEDS ☞114—CONSTRUCTION—LAND CONVEYED.

Land in S. county, and not merely in H. county, owned by the grantor as heir of H., was conveyed by his deed: "I, * * * one of the heirs of the estate of H., * * * convey * * * all of my right, title and interest in and to all of said estate, both real and personal, except as herein after excepted, my interest in said estate being a one-fourth interest. The portion of said estate excepted * * * is the land in M., W., and A. counties, which formerly belonged to said estate and was * * * conveyed to me by the other heirs * * * and the property hereby conveyed by me is my one-fourth interest in all lands in H. county belonging to said estate, also my one-fourth of * * * personal properties * * * to have and to hold any property, either real or personal, in order to make up my said share a full one-fourth of said estate."

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ☞114.]

5. DEEDS ☞114—LAND CONVEYED.

A deed of "810 acres, * * * part of the H. league, * * * the same to be an undivided interest in said * * * league," by one owning no interest in the west half of the league, but owning an undivided interest of that number of acres in the east half, is of all of that interest, and not of half thereof.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ☞114.]

6. EXECUTORS AND ADMINISTRATORS ☞347— SALES—ORDERS—DESCRIPTION OF PROPERTY.

As regards validity of the administrator's deed, the orders of sale and confirmation of sale by the probate court describing the property as "810 acres, N. Hyden survey, S. A. county," are not void as insufficiently describing the property; the inventory showing the estate owned that number of acres of such survey, and not showing it owned any other lands therein.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1445; Dec. Dig. ☞347.]

7. EXECUTORS AND ADMINISTRATORS ☞138 — POWER OF SALE—MARRIAGE OF EXECUTRIX—EFFECT.

The power of an executrix, testator's widow, under a will to convey land, does not cease on her remarriage.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 560–566, 568–575; Dec. Dig. ☞138.]

Appeal from District Court, San Augustine County; A. E. Davis, Judge.

Action by W. L. Holman against the Houston Oil Company, in which Harriett J. Harrison and others intervened. From a judgment for defendant, interveners appeal. Affirmed.

H. B. Short, of Center, Foster & Davis, of San Augustine, and G. P. Dougherty, of Houston, for appellants. H. O. Head, of Sherman, and Parker & Kennerly and John L. McMeans, all of Houston, for appellee.

McMEANS, J. This is a second appeal of this case. The first was disposed of by an opinion of this court reported in 152 S. W. 885.

The statement of the nature and result of the suit made by appellants in their brief is approved by the appellees and adopted by us. In substance it is as follows:

"This suit was originally instituted by W. L. Holman, as plaintiff, against the Houston Oil Company, on August 18, 1904, to recover the east half of the Nathaniel Hyden league, situated in San Augustine county. On July 3, 1911, Harriett J. Harrison, J. E. Harrison, R. L. H. Williams, Mary Carnehan, and J. T. Carnehan filed their original petition of intervention asserting title to the entire east half of the Hyden league, 'less and except out of said east half of said league, 810 acres of land conveyed by the administrators of the estate of L. I. Holman to W. H. Ford by deed dated September 23, 1881.' The defendants answered to both the petition of the plaintiff and the petition of the interveners, and the case was tried on July 6, 1911, resulting in a judgment for the interveners for all of the land sued for by them. The defendant Houston Oil Company perfected an appeal to the Court of Civil Appeals of the First District, and on December 4, 1912, the Court of Civil Appeals rendered judgment reversing the judgment of the district court, and rendering judgment in favor of the defendant and against the plaintiff and interveners for the tract of 425 acres of land out of the northeast corner of the Hyden league conveyed by Col. W. W. Holman to J. G. Woldert, by deed dated July 7, 1848, and the cause was remanded as to the other land sued for. After the cause was remanded to the district court, the interveners filed an amended petition of intervention, suggesting the death of R. L. H. Williams pending the suit and making his heirs parties, and also making the Maryland Trust Company a party defendant to the suit, and by the amended petition the interveners claim title to the entire east half of the Nathaniel Hyden league, less the tract of 425 acres out of the northeast corner of the league. The case was tried the second and last time by a jury on July 23, 1913, and special issues were submitted to the jury, and on the answers to the issues submitted to the jury a judgment was rendered that interveners take nothing by their suit, and that plaintiff also take nothing by his suit, and that the defendants go hence without day and recover their costs."

From this judgment the interveners have appealed.

We are relieved of the duty of making any extensive statement of the facts because of the exhaustive statement made by Associate Justice Reese of this court in the former opinion, to which we refer. The evidence in part consisted of the following deed, executed by William W. Holman, Jr., familiarly known as "Little Billy Holman," to Lucius

I. Holman, which was introduced by the interveners:

"The State of Texas, County of San Augustine.

"Know all men by these presents, that I, William W. Holman, a resident citizen of the county of Denton, in the state aforesaid, for and in consideration of the sum of five hundred dollars cash to me in hand paid by Lucius I. Holman, a resident citizen of the county of San Augustine, in the said state of Texas, the receipt of which is hereby acknowledged and acquittance is fully granted, have this day bargained, sold, released, conveyed and delivered unto the said Lucius I. Holman, his heirs and assigns, forever, eight hundred and ten acres of land, part of the Nathaniel Hyden league, situated in the county of San Augustine and state aforesaid, and about twenty miles south of the town of San Augustine, the same to be an undivided interest in the said Nathaniel Hyden league, and the said eight hundred and ten acres of land being the interest owned by my father in the said league of land, as will appear by reference to the record of real estate for the county of San Augustine and state aforesaid, together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in any wise incident or appertaining. To have and to hold the same unto the said Lucius I. Holman, his heirs and assigns forever, and I, the said William W. Holman, do hereby bind myself, my heirs and assigns, to forever warrant and defend the title to the same unto the said Lucius I. Holman, his heirs and assigns, forever, against the claim or claims of any person whomsoever, claiming the same or any part thereof or interest therein.

"In testimony whereof witness my hand done in the town of San Augustine, Texas, on this the 8th day of January, A. D. 1874.

"[Signed]   Wm. W. Holman. [Seal.]
"W. H. Crouch.
"J. H. Sharp."

One of the special issues submitted to the jury is as follows:

"Did W. W. Holman, Jr., intend to convey only an undivided interest of 810 acres, supposing that to be the extent of his interest, but nevertheless intending to convey no more than the 810 acres undivided."

The jury answered this question in the affirmative.

By their first assignment of error appellant asserts that it was the duty of the court to construe said deed, and instruct the jury as to its legal effect, and complains that the court erred in submitting to the jury the question as to how much land was conveyed by the deed.

The second assignment complains of the refusal of the court to give to the jury its third special charge, to the effect that the deed in question conveyed to the grantee, L. I. Holman, all the land owned by W. W. Holman at the time of his death, which was the entire east half of the Nathaniel Hyden league, less a tract of 425 acres out of the northeast corner of the league. No complaint is made that the evidence was not sufficient to justify the jury in answering the special issue in the affirmative, and, even if such a contention had been made, we think the evidence amply justified, if it did not require, the jury to answer as it did.

[1] One of the questions presented for determination by this court on the former appeal was "whether the deed from W. W. Hol-

man, Jr., to Lucius I. Holman, conveyed only 810 acres of the east half of the Hyden league, or all of the land in such east half of the league, which was owned by W. W. Holman, Sr., and which was inherited by the grantor." 152 S. W. 888. In passing on this question this court, on page 891 of 152 S. W., after referring to the recitals in the deed and the evidence introduced in aid of its construction, which is substantially the same as introduced on the last trial, says:

"Without paying much attention to the (often fine-spun) distinction between a general and a particular description of the land conveyed in a deed, our conclusion is that the court erred in holding as a matter of law, and so instructing the jury, that the deed from W. W. Holman, Jr., to Lucius I. Holman, conveyed the entire half league, or any more than an undivided interest of 810 acres. It is insisted on the part of the interveners that, at all events, the evidence being either documentary, or undisputed as to such facts as were not so shown, it was the duty of the court to construe the deed in the light of such surrounding circumstances. If we thought so, we would be inclined to construe the deed as the parties all seem to have construed it up to the time of filing this suit, 30 years after the date of its execution. But we think that the evidence presents a mixed question of law and fact which should have been referred to the jury for its determination under appropriate instructions; the issue being what, under all the evidence, inside and outside the deed, was Holman's intention as to what land was conveyed. Kingston v. Pickins, 46 Tex. 99; Brown v. Chambers, 63 Tex. 131; Arambula v. Sullivan, 80 Tex. 613, 16 S. W. 436."

On the last trial the court adopted the views of this court above expressed and, as before stated, submitted this issue to the jury. In view of the fact that the evidence upon both trials was practically the same, and as we have no doubt of the correctness of our former ruling and adhere to it, the assignments do not, we think, point out error, and are therefore overruled.

It necessarily results from this conclusion that appellants' third and fourth assignments, which present practically the same question, but in a different form, must be overruled.

[2, 3] The fifth assignment complains of the admission in evidence, over appellants' objection, of a deed from John W. Holman to J. G. Barksdale. The proposition advanced is that the admission in evidence, over objection, of a deed void for want of description, that does not purport to convey the property involved in the suit and does not shed any light upon any of the issues in the case, is erroneous, and that its admission creates the presumption that injury resulted to the losing party therefrom, and is reversible error.

John W. Holman, the grantor in the deed in question, was the father and predecessor in title of W. W. Holman, Sr. The deed was admitted, not for the purpose of showing title, but in explanation of the intention of W. W. Holman, Jr., in the deed to Lucius I. Holman. The deed purports to convey 1,000 acres of land, by the following description:

"Lying and being in the county of San Augustine, and containing one thousand acres; the said land lies between the Ayish bayou and the river Angelina, in the forks of said streams, in Zavala Colony, about 10 or 12 miles from the town of Jackson; the said land lies on the west half of the league of land obtained from the government by the citizen Nathaniel Hyden from the legal commissioner as a colonist, which may be seen by reference to the records at Nacogdoches."

In discussing this deed in our former opinion, we say:

"It does not clearly appear that this land was a part of the east half of the Hyden league; but there appears to be a strong probability that the particular description, when applied to the ground, would show that it was. It appears further that it was not on record when the deed to Lucius I. Holman was recorded. But there is at least a probability that W. W. Holman knew of the existence of this deed when he made the deed to Lucius I. Holman. This 1,-000 acres would be an undivided interest, and, if this deed be considered as conveying an undivided interest in the east half of the Hyden league then owned by John W. Holman, it would have left, after deducting also the 425 acres, 789 acres undivided as the interest of W. W. Holman, Jr., in the east half of the league, if it contained no more than its proper quantity of land."

We think that, on the issue upon which the deed was introduced, it was admissible. But if we are mistaken in this, and if it was void for uncertainty in description, its admission would not, in our opinion, amount to such a denial of the rights of the appellant as reasonably to cause or probably cause the rendition of an improper judgment, because there was other testimony amply sufficient to justify the jury in construing the deed from W. W. Holman, Jr., to Lucius I. Holman, as conveying only 810 acres of the east half of the Hyden league. The assignment is overruled.

[4] The sixth assignment complains that the court erred in admitting in evidence, over the objection of the interveners, the deed from R. L. H. Williams to Henry Lewis, which was introduced for the purpose of showing an outstanding title in Lewis in the land that the heirs of said Williams, the interveners, are seeking to recover in this suit; the contention being that the deed does not convey and does not purport to convey the interest of said Williams or any part of his interest in the land in controversy in this suit.

The deed, omitting the venue, date, and signature, is as follows:

"Know all men by these presents, that I, the undersigned, R. L. H. Williams, of said county and state, and one of the heirs of the estate of L. I. Holman, deceased, late of San Augustine, Texas, for and in consideration of the sum of two hundred dollars cash to me in hand paid by Henry Lewis, of the county of San Augustine, Texas, the receipt of which is hereby acknowledged, have this day bargained, sold and conveyed and do by these presents bargain, sell and convey unto the said Henry Lewis all of my right, title and interest in and to all of said estate, both real and personal, except as hereinafter excepted, my interest in said estate being a one-fourth interest. The portion of said estate excepted from this sale is in the land in

Montague county and in Williamson county and in Archer county, which formerly belonged to said estate and was afterwards conveyed to me by the other heirs to said estate and the property hereby conveyed by me is my one-fourth interest in all lands in Harrison county, Texas, belonging to said estate, or my one-fourth of all proceeds of same if sold by the admrs. of said estate, also my one-fourth of all debts due to said estate from any source and of all moneys or personal properties in the hands of the administrator, and the said Lewis is authorized to demand and receive all of said property and to have and to hold any property, either real or personal, in order to make up my said share a full one-fourth of said estate, and to demand and recover of any other heirs my full prorate share of any advancements, rents or profits they may have received from said estate, it being understood that I am not to be held responsible for any of the debts due by said estate, and I hereby declare that I have made no conveyance or release to any other person of the property, either real or personal, as set forth in this instrument."

The record shows that Williams held under two sources of title, one as heir of Lucius I. Holman, and another by purchase from some of the other heirs. We think a fair construction of the deed requires the holding that the land in the Hyden league owned by the grantor, as an heir of Lucius I. Holman, was conveyed thereby to Lewis. It expressly conveys "all of my right, title and interest in and to said estate, both real and personal, except as hereinafter excepted, my interest in said estate being one-fourth." The portion expressly excepted was land in Montague, Williamson, and Archer counties. The designation of his interest in land in Harrison county as passing by the deed does not exclude the idea that all his "right, title and interest in and to said estate, both real and personal," other than that expressly excepted, passed thereby. This construction is aided by the habendum clause, which is "and to have and to hold any property, either real or personal, in order to make up my said share a full one-fourth of said estate." But if we are in error in so construing the deed, the admission of it in evidence, if error, was harmless, if the deed from W. W. Holman to Lucius I. Holman conveyed only 810 acres of the eastern half of the Hyden league, as we have already held it did, and if the deed of the administrators of Lucius I. Holman's estate conveyed the title of said estate in said 810 acres to the purchaser at the administrator's sale, as we shall presently undertake to show that it did.

[5] It is contended in the seventh assignment of error that the judgment against the interveners for all of the land claimed by them is erroneous, because if it be true that only 810 acres was conveyed by the deed from W. W. Holman, Jr., to Lucius I. Holman, then the deed conveyed 810 acres in the entire Hyden league; and, this being true, the deed conveyed only half that amount, or 405 acres in the east half of the league. We overrule this contention. W. W. Holman owned no interest in the western half of the league, but did own an undivided

interest of 810 acres in the eastern half. By conveying an undivided interest of 810 acres in the Hyden league to Lucius I. Holman, it was clearly his intention to convey such interest in that part of the league which he then owned, and not an undivided interest in the land he owned, as well as that to which he held no title. We had occasion to pass upon this question on the former appeal, and there decided, as we here decide, that the assignment is without merit.

[6] By the eighth assignment it is complained that the court erred in admitting in evidence, over the objection of the interveners, a certified copy of an order of sale made and entered by the probate court of San Augustine county in the estate of Lucius I. Holman, ordering a sale of 810 acres of land in the N. Hyden survey, because, as appellant contends, the application of sale upon which the order of sale was based, and the said order of sale, were void for want of sufficient description of the property ordered to be sold, and the said order of sale is an attempt by the probate court to order the sale of an undefined interest of 810 acres out of a larger tract, which was also undefined, and which the probate court had no power to do.

A similar objection was made to the introduction in evidence of an order of the probate court confirming the sale made by the administrators pursuant to the order of sale, and also to the introduction of the deed of the administrators conveying the 810 acres to W. H. Ford; and the action of the court in overruling these objections is presented by the ninth and tenth assignments. The eleventh assignment complains generally of the action of the court in rendering judgment against the interveners for the 810 acres of land in question; it being contended that the sale made by the administrators was void. The proposition advanced under the eighth, ninth, and eleventh assignments is "that a judicial sale of an undefined part of a larger tract of land is invalid and void"; and that, "where the orders of the probate court are void for want of sufficient description of the property attempted to be sold, the administrator cannot cure such defect in the probate orders by giving an accurate description of the property in his deed, and the deed is void for want of power in the administrator to convey title to the property.

The correctness of the proposition last stated may be conceded without in any way affecting the question of whether the deed of the administrators conveying the land was void because of the insufficiency of description in the orders of the probate court ordering and confirming the sale, and to this question we now direct our attention.

Looking to the evidence, we find that the "810 acres, N. Hyden survey, San Augustine county," was listed as a part of the lands be-

longing to Lucius I. Holman's estate. The application for an order of sale, filed by the administrators, described it as "810 acres, N. Hyden survey, San Augustine county," belonging to said estate. The report of sale, filed by the administrators, showed a sale by them of 810 acres, a part of the Nathaniel Hyden survey, San Augustine county, to W. H. Ford, and the land was so described in the order of the court confirming the sale. The deed of the administrators conveying the land to Ford described it as follows:

"Eight hundred and ten acres of land, part of the Nathaniel Hyden league, situated on the west bank of the Ayish bayou, about thirty miles south of the town of San Augustine, and the said 810 acres hereby conveyed being an undivided interest in and to a tract of eighteen hundred and sixty-four acres of said Hyden survey, said eighteen hundred and sixty-four acre tract, being all of the east half of said Hyden league, except a tract of 1,400 varas square in the northeast corner of said league which was conveyed by W. W. Holman to J. G. Woldert."

That the description contained in the various orders of the probate court, directing and confirming a sale, was sufficient, we think there can be no doubt. A similar question was before our Supreme Court in Hermann v. Likens, 90 Tex. 448, 39 S. W. 282. The land sold in that case was described as an undivided half interest 893 acres belonging to the estate of Likens in the Pleasant W. Rose league and labor in Harris county. There was a tract of 893 acres in the Rose survey, of which an undivided half was known to have belonged to Likens. As said by Judge Gaines, on page 453 of 90 Tex., on page 283 of 39 S. W.:

"It is evident from these proceedings that the land which was ordered to be sold, and which was sold and conveyed by the administrator, was not vaguely an undivided interest in 893 acres of the P. W. Rose survey. It was the interest of the Estate of J. B. Likens, deceased, in a certain tract of 893 acres, a part of the Rose survey, of which he owned an undivided one-half."

Continuing, he says:

"If the Rose survey contained only 893 acres, there would have been less difficulty about the description; but it embraces a league and labor of land. Is this description sufficient to pass the title by virtue of a probate sale? That it would be sufficient in a voluntary conveyance, we think there can be no doubt. Smith v. Westall, 76 Tex. 509 [13 S. W. 540]. Between the owner and his grantee, if from the facts given in the description in the deed the property intended to be conveyed can be identified with certainty, it is sufficient. What is a certain description in a voluntary conveyance is necessarily certain in a sheriff's or administrator's deed; and it would seem, therefore, that there should be no distinction in this respect between voluntary and involuntary conveyances; and there is high authority for so holding. In White v. Luning, 93 U. S. 514 [23 L. Ed. 938], the court say: 'In regard, however, to the description of the property conveyed, the rules are the same, whether the deed be made by a party in his own right or by an officer of the court. The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done

consistent with legal rules, the object they were intended to accomplish.' "

In the case before us the inventory of the property of Lucius I. Holman's estate showed that the estate owned 810 acres of the Hyden survey. The inventory does not show that the estate owned any other land in the Hyden. The evidence shows, and the jury in effect found (and their finding is not questioned on this appeal), that the estate of Holman owned an undivided interest of 810 acres of the Hyden, and that this interest was in the eastern half of the league. It was clearly this interest that the probate court ordered to be sold, was sold, and the sale thereof confirmed. We think the effect of the order of sale was the same as if the administrators had been directed to sell all the interest of Lucius I. Holman's estate in the Hyden survey, and the report of sale, order of confirmation, and deed had followed the description given in the order of sale. That such a description would have been sufficient seems to have been decided by our Supreme Court in Macmanus v. Orkney, 91 Tex. 27, 40 S. W. 715. As said by Judge Brown in that case:

"The court had jurisdiction of the subject-matter of the sale and of the parties interested in the estate. It was therefore lawful for the court to sell the land, and the intention to do so, when ascertained, must be enforced, if the language employed in the order is sufficient to effect the purpose. Wynne v. Parke, 89 Tex. 413 [34 S. W. 907]; Hancock v. Butler, 21 Tex. 805; Cartwright v. Trueblood, 90 Tex. 535 [39 S. W. 930]; Curdy v. Stafford, 88 Tex. 123 [30 S. W. 551]; Hermann v. Likens, 90 Tex. 448 [39 S. W. 282]."

Golden v. Walker, 153 S. W. 683, is a case where an order of the probate court for the sale of a decedent's land and the order confirming the sale described the land as 248 acres of land in the C. Smith grant in Brazoria county. The executor's deed described it as the property of the decedent, in Brazoria county, "comprising 248 acres of land in the Cornelius Smith grant, being part of the Mary Scobe 775-acre survey, bequeathed to the (decedent) by the last will and testament of Maggie E. Minnick, a copy of which will is recorded in Deed Book No. 20 at page 235 in records of Brazoria county," etc. The inventory showed no other land of the estate in the C. Smith survey. It was held by the El Paso Court of Civil Appeals that the deed was not void for uncertainty, nor was there any need of extrinsic evidence to identify the land conveyed as the same mentioned in the orders of the probate court.

In McBee v. Johnson, 45 Tex. 634, the probate court made an order allowing the application of an administrator to sell "the real estate of the decedent consisting of four hundred and six acres of land," fixing the time and place of sale, and directing that the sale be "in accordance with law." The inventory showed that the only land owned by the estate was a tract of 406 acres. The adminis-

trator returned an account of sale of 400 acres. At the next term of the probate court the sale was approved, and the administrator ordered to "make good and sufficient deed to the purchaser." It was held that the absence of particular description in the proceedings ordering and approving the sale was at most an irregularity, not rendering the proceedings void.

We are of the opinion that the description of the land given in the various orders of the court leading up to the execution of the deed would have been sufficient to pass the title in a voluntary conveyance, and this being true, following the rule laid down in Hermann v. Likens, was sufficient to pass the title under the deed made by the administrators. The assignments are overruled.

[7] The remaining questions are presented by the appellant W. L. Holman, plaintiff in the court below. The first, that the court erred in failing to hold, as a matter of law, that the deed from W. W. Holman, Jr., to Lucius I. Holman, conveyed 810 acres of land, undivided, out of the east half of the Hyden league, less 425 acres out of the northeast corner, is sufficiently disposed of herein and by the ruling in our former opinion. The next presents the question of whether the power of the widow of W. W. Holman, Jr., as independent executrix under the will, to convey land, ceased upon her subsequent marriage with Sam Brain. In our former opinion we held that her right to convey continued after her marriage to Brain, and we see no reason now for reversing our former holding, and no authorities have been cited to compel a different conclusion. We have determined both questions adversely to appellant's contention.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.