from the language used and the whole situation of the parties.

[2] Tested by this rule, we are unable to see how the language in question can be construed to be a warranty, or a contractual covenant on the part of Perkins & Stiff, the breach of which would subject them to liability. The language used does not show that Perkins & Stiff undertook to assume any obligation whatever. If it had been the intention of the parties to create a warranty, they could have easily done so by the use of the words "warrant" or "guarantee," or words of a similar import clearly indicating such intention. Nor do we think that the circumstances are such as to require this intention to be read into the contract by implication. The first paragraph of the contract designates the work to be done and the obligation on the part of Perkins & Smith to do it. The clause in question is introductory to the paragraph which fixes the obligations of Perkins & Stiff. We think it was intended to negative the idea that Perkins & Stiff were under any obligation to furnish the materials for the work. To emphasize the absence of responsibility on the part of these parties to furnish the rock and gravel, as provided by the contract with the county, it is recited that "Collin county will furnish all the material." This is a natural conclusion from the language, and furnishes a reasonable explanation of why it was put in the contract. This conclusion may possibly result in hardship; but a court cannot make a contract for parties when they had opportunity to make it for themselves and failed to do so.

We answer that the language quoted by the Court of Civil Appeals did not constitute a covenant or warranty on the part of appellees that the rock and gravel would be furnished by Collin county.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

---

CARPENTER et al. v. SMITH et al.
(No. 658—4167.)

(Commission of Appeals of Texas, Section A. May 13, 1925.)

1. **Frauds, statute of** ⬤⇒106(2)—**Instrument transferring mineral rights in certain tract held not void as requiring proof of parol agreement to show subject-matter and effect.**

Instrument transferring all oil, gas, and mineral rights in certain tract of about 1,300 acres, describing its location, *held* not void under statute of frauds, as requiring proof of parol agreement to show subject-matter and effect.

2. **Mines and minerals** ⬤⇒58 — **Instrument transferring mineral rights held not void because of conflict between description and proof of location.**

Instrument transferring oil, gas, and mineral rights in tract of land, described as situated in named county east of certain railroad at place near designated station, *held* not void for insufficiency of description or conflict between description and proof showing location of land north of such railroad at another station on line, where proof also showed that it was east of railroad at place near station named, and that it was only land owned by grantor in such county.

3. **Mines and minerals** ⬤⇒78(1)—**Instrument transferring mineral rights in land held not primarily intended to secure development for oil and gas.**

Instrument transferring oil, gas, and mineral rights in certain land for adequate consideration, including fourth of all cash, stocks, bonds, or royalties derived therefrom by transferee, *held* intended to transfer and assign all such minerals owned by grantor under such land, and not primarily to secure development of land for oil and gas.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by A. J. Smith and others against S. J. Carpenter and others. Judgment for plaintiffs in part and for defendants in part was reversed, and judgment rendered for plaintiffs by Court of Civil Appeals (257 S. W. 637), and defendants bring error. Reversed, and judgment of district court affirmed.

K. C. Barkley and Cline & Waugh, all of Houston, Ira O'Meara, of Laredo, and W. Owen Dailey, of Houston, for plaintiffs in error.

Mann, Neel & Mann, of Laredo, for defendants in error.

BISHOP, J. The land in controversy was the community property of J. S. Smith and wife. Subsequent to the death of his wife, the following instrument was executed:

"Laredo, Tex., April 16, 1919.

"In consideration of $5.00 the receipt of which is acknowledged and other considerations, I transfer to S. J. Carpenter or assigns, all oil, gas and mineral rights of 1,300 acres, more or less, a body of land owned by me situated in Webb county, Texas, east of the Texas & Mexico Railroad at or near the station of Reiser. S. J. Carpenter or assigns have permission to build and maintain on said land all necessary storage tanks, pipe lines, pumps and power stations and buildings.

"It is understood and agreed, the undersigned, his heirs or executors are to receive one-fourth of all cash, stocks, bonds or royalties derived from mineral, gas or oil rights on above described land by said S. J. Carpenter.

"J. S. Smith.

"S. J. Carpenter."

The defendants in error, who are the children and heirs of J. S. Smith and wife, after his death brought this suit against plaintiffs in error in trespass to try title and to cancel the foregoing instrument. On trial in the district court judgment was rendered in favor of defendants in error for the surface of all the land in controversy and for an undivided one-half interest in all the oil, gas, and minerals in and under said land, said interest in the oil, gas, and minerals being the community interest of their mother, and judgment was rendered for plaintiffs in error for an undivided one-half interest in the minerals, oil, and gas in and under said land. The Court of Civil Appeals, holding that the above-quoted written instrument should "be canceled, set aside, and held null and void," reversed the judgment in favor of the plaintiffs in error for one-half undivided interest in the oil, gas, and minerals, and rendered judgment in favor of defendants in error. 257 S. W. 637.

[1] This instrument purports to transfer all oil, gas, and mineral rights in and under a certain body of land containing about 1,300 acres, describing its location. Therefore it is not subject to objection that proof of a parol agreement is necessary to show the subject-matter of the transaction and effect a transfer, and void as being contrary to the statute of frauds.

[2] The evidence shows that the land in controversy is one body, containing about 1,300 acres, situated in Webb county, Tex., east of the Texas & Mexico Railroad, at a place near the station of Reiser, and that it was the only land owned by the grantor in that county. It is true that the course of the railroad is such that the land lies north of it at and immediately west of Mirando, another station on the line. But the instrument does not purport to give the direction of the land from the railroad at and near Mirando. The parties to the instrument saw fit to describe it by giving its direction from a place at or near Reiser, which was their privilege, and the fact that the land lay north of the railroad at another place does not render the description of the land ambiguous, nor its location uncertain. The Court of Civil Appeals erred in holding that the description "was such as to clearly show it would not and could not by any of its terms be made to apply to the lands then owned by J. S. Smith," and that "the description given and the proof offered to locate the lands are in direct conflict." The proof offered shows that this body of land is east

272 S.W.—9

of the Texas & Mexico Railroad at a place on said railroad near the station of Reiser in the county of Webb, as in this instrument it is described to be. The fact that Smith owned no other land in Webb county makes it certain that the oil, gas, and mineral rights, in and under this, and no other land, were intended to be transferred by this instrument. Smith v. Westall, 76 Tex. 509, 13 S. W. 540; Witt v. Harlan, 66 Tex. 660, 2 S. W. 41; Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Giddings v. Day, 84 Tex. 605, 19 S. W. 682; Kingston v. Pickins, 46 Tex. 99.

[3] We are also of the opinion that the Court of Civil Appeals erred in holding that it appeared from the instrument itself that the predominant and chief consideration was to secure the development of the land for oil and gas. The terms of this instrument do not warrant this holding. Under its provisions the grantee could sell the oil, gas, and mineral rights, and by paying to the grantor one-fourth of the amount received, meet every obligation required of him by its terms. He could also organize a corporation to develop the oil, gas, and other minerals, and transfer to it this property in consideration of corporate stock issued therefor, and by delivering to the grantor one-fourth of the stock issued, comply with its terms. Or, he could, by an ordinary oil lease, transfer these mineral rights to some other person or concern on a royalty basis and pay to the grantor one-fourth of the royalty received by him. It was clearly the intention of the parties to the instrument that the grantee should dispose of the oil, gas, and mineral rights, and pay or deliver to the grantor one-fourth of the proceeds derived therefrom. His right to dispose of the property was in no way restricted by the terms of the instrument transferring it to him. We think it is clear that the instrument transfers and assigns all of the oil, gas, and other minerals owned by the grantor in and under the land. It recites a valuable consideration, and there is no pleading and proof which would warrant a holding that same was inadequate. Cockerell v. Haynes (Tex. Civ. App.) 255 S. W. 494.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.