HANKS v. HAMMAN et al.    (No. 1359.)*

(Court of Civil Appeals of Texas. Beaumont. March 20, 1926. Rehearing Denied March 31, 1926.)

1. **Appeal and error ⬡738—Assignment complaining of eight different distinct rulings of court, shown by six bills of exception, held multifarious.**

Assignment that court erred in admitting eight different instruments in evidence, on admissibility of each of which court had given separate ruling, shown by six bills of exception, will not be considered, since it is multifarious.

2. **Trespass to try title ⬡40(5)—In trespass to try title, proceedings in county court relative to guardian's purchase and sale, and deeds given, held admissible.**

In trespass to try title against grantees in deed from plaintiff's guardian given while he was minor, proceedings in county court relative to guardian's purchase of land for plaintiff, subsequent sale thereof, and deeds given *held* admissible despite description of land throughout as undivided interest of about two acres in named league.

3. **Trespass to try title ⬡39(1)—In trespass to try title against grantees of plaintiff's guardian, testimony of latter relative to purchase, sale, and identity of land held admissible.**

In trespass to try title against grantees in deed from plaintiff's guardian given while he was minor, testimony of guardian relative to purchase, sale, and identity of land *held* admissible.

4. **Appeal and error ⬡1052(5)—In trespass to try title by one of unsound mind against guardian's grantees, admission of subsequent deed from plaintiff to defendants held immaterial where guardian's deed conveyed good title.**

In trespass to try title by person of unsound mind against grantees in deed from his guardian given while he was minor, where court concluded as matter of law that such deed conveyed good title, admission of plaintiff's deed made after being adjudged of unsound mind *held* immaterial.

---

**5. Evidence �köⁿ460(7)—Description of land as undivided interest in certain part of certain league situated in certain county being about two acres on east side of certain river and three miles east of certain town held sufficient for introduction of parol evidence to explain it.**

Deed to minor's property describing it as "undivided interest in a certain part of M. G. W. league of land situated in Liberty county, Texas, same being about two acres and being on the east side of the T. river and about three miles east of the town of L.," *held*, in view of order of sale and order confirming it, sufficient for introduction of parol evidence to explain it.

**6. Guardian and ward �köⁿ111—Parol evidence to explain deed showing only land of minor was sold by guardian under court order held sufficient to pass title.**

Where description of minor's land in deed was sufficient for introduction of parol evidence, such evidence, showing land was sold by guardian under order of court, was only land owned by minor, and was land intended by court to be sold, *held* sufficient to pass title to purchaser.

**7. Executors and administrators ⊛397— Guardian and ward ⊛111.**

Any description that is sufficient in voluntary deed of individual is sufficient in deed of administrator or guardian and in orders relating thereto.

**8. Judicial sales ⊛48.**

Every reasonable intendment will be made in favor of validity of judicial sales.

**9. Judicial sales ⊛48—Controlling effect should be given intention of court, in considering judicial sale, as gathered from entire record of estate pertaining to which order of sale and confirmation were had.**

In passing on validity of judicial sale, controlling effect should be given to intention of court as gathered from entire record of estate pertaining to which orders of sale and confirmation were had.

**10. Evidence ⊛451—Order of sale of minor's land, report of sale, and order confirming sale, referring to "undivided interest" in land, could be aided by extraneous proof.**

Where minor owned two acres of land conveyed to him by metes and bounds, ambiguity, if any, in order of sale, report of sale, and order confirming sale, describing it as "undivided interest," was not patent, and identity of land could be aided by extraneous proof.

**11. Deeds ⊛90.**

There is no patent ambiguity in deed if court placing itself in situation of parties could ascertain what they meant.

**12. Guardian and ward ⊛111—Where grantor did not own "undivided interest" in land, such words will be rejected as false where remaining description would identify land.**

Where guardian's deed purported to convey "undivided interest" in land conveyed to minor by metes and bounds, such words will be reject-

ed as false, and deed sustained, where remaining description was sufficient to identify land.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Action of trespass to try title by Wyatt Hanks, through his next friend, H. E. Marshall, against George Hamman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

William McMurrey, of Cold Springs, and H. E. Marshall and C. F. Stevens, both of Houston, for appellant.

E. B. Pickett, Jr., and P. C. Matthews, both of Liberty, and Gill, Jones & Tyler, of Houston, for appellees.

O'QUINN, J. The following statement of the nature and result of the suit is taken from appellant's brief:

"This was an action of trespass to try title brought by Wyatt Hanks, a person of unsound mind, through his next friend, H. E. Marshall, against the appellees, George Hamman, J. P. Scranton, and Harry C. Hanzen. By the first amended original petition it was shown that H. E. Marshall had been appointed guardian of the estate of Wyatt Hanks, and he appeared in that capacity from that time on. In addition to the formal action of trespass to try title, plaintiff specially asked for the cancellation of a deed made by Wyatt Hanks to appellees, J. P. Scranton and Harry C. Hanzen, on February 8, 1925, on the ground that Wyatt Hanks was under an adjudication of insanity when the deed was made, and therefore incompetent to execute the same.

"Appellees answered by general denial and plea of not guilty, and they specially pleaded that Wyatt Hanks, on the 8th day of February, 1925, was of sound mind as a matter of fact, notwithstanding that he was then under the legal status of a person of unsound mind on account of the adjudication of insanity urged by the plaintiff. Appellees further sued in reconvention in trespass to try title. The land sued for by appellant and in reconvention sued for by the appellees is described as follows:

" 'All the oil, gas, and other minerals in and under the following described tract of land, together with the free rights of ingress and egress in and to said tract of land at all times for the purpose of developing the same for said oil, gas, and other minerals. Said tract of land being a part of the M. G. White league of land in Liberty county, Tex., and being particularly described by metes and bounds as follows: Being a part of said White league, abstract No. 117, and this tract being a part of lot No. 3, set aside to Sallie Chambers et al. in cause No. 3557, styled Westly Monroe v. Jessee Williams, by decree of record in Book E, page 154 et seq., of the minutes of the district court of Liberty county, Texas. Commence at the northeast corner of said lot No. 3, so set aside to Sallie Chambers; thence run southerly along the east line of said lot No. 3, 28.92 vrs. to a point for the northeast and beginning corner of the land herein described; thence N. 88 W., 390.6 vrs. to a point for the northwest corner of the land herein described; thence S. 2 W

29 vrs. to a point for the southwest corner of the land herein described; thence S. 88 E. 388.6 vrs. to a point in the line of said lot No. 3 for the southeast corner of the land herein described; thence northerly along the east line of said lot No. 3, 29.03 vrs. to the place of beginning, containing 2 acres of land.'

"Appellant filed his first supplemental petition in answer to the plea of reconvention of the appellees wherein he pleaded a general denial and not guilty and also again asked for the cancellation of the deed dated February 8, 1925, from Wyatt Hanks to appellees, on the ground that Hanks was a person of unsound mind at that time.

"The case was tried on May 29, 1925, before a jury and at the conclusion of the evidence the court peremptorily instructed the jury to find a verdict for appellees, which the jury did, and upon which judgment was entered."

From this judgment appellant brings this appeal.

Appellees also pleaded title in themselves by and through a deed executed by appellant February 8, 1925, in ratification of the prior conveyance by his guardian, C. H. Cain. However, they offered no testimony to show that at the time of executing said deed he had recovered his mentality, and so this defense passes out of the case. If the description of the land in the probate proceedings and guardian's sale was sufficient, then title to the land is in appellees, but otherwise appellant would be entitled to recovery. This is the controlling question in the case.

The record shows that C. H. Cain was duly appointed guardian of Wyatt Hanks, who was a minor, on December 15, 1916. An inventory of Hanks' estate was returned into court, showing the whole estate consisted of $1,200 in cash. March 5, 1917, Cain, guardian, made application to the court to invest the sum of $100 of his ward's money "in land," same being an undivided interest in the M. G. White league, situated in Liberty county, Tex., near what is now known and called the oil well of the Imperial Oil Company, about 3 miles south of the town of Liberty. It was shown that the name "Imperial Oil Company" was a mistake, and should have been "Empire Oil & Fuel Company," and that said company was the only company then operating on the White land. The court duly entered its order authorizing the investment of the $100 "into certain land * * * same being in and near the well now drilled and located upon the M. G. White league of land in Liberty county, Tex." March 15, 1917, the mineral interest, the property here in controversy, was duly conveyed by D. J. Harrison to Wyatt Hanks, the description being:

"All the oil, gas and other minerals in and under the hereinafter described land * * * lying and being situated in the county of Liberty and state of Texas, and being part of the M. G. White league, abstract No. 117, and being a part of lot No. 3, set aside to Sallie Chambers et al., in cause No. 3557, styled Westly Monroe v. Jessee Williams, by decree of record in Book E, p. 154 et seq., of the minutes of the district court of Liberty county, Tex., and being more particularly described by metes and bounds as follows: Commence at the N. E. corner of said lot No. 3 so set aside to Sallie Chambers. Thence run southerly along the E. line of said lot 28.93 vrs. to a point for the N. E. and beginning corner of the land herein described. Thence N. 88 W. 390.6 vrs. to a point for the N. W. corner of the land herein described. Thence S. 2 W. 29 vrs. to a point for the N. W. corner of the land herein described. Thence S. 88 E. 388.6 vrs. to a point in the E. line of said lot No. 3 for the S. E. corner of the land herein described. Thence northerly along the E. line of said lot No. 3, 39.03 vrs. to the place of beginning, to contain 2 acres of land."

On April 9, 1917, Cain, guardian, made application to the court to sell real estate belonging to the minor, Hanks, describing same as "an undivided interest in and to a certain part of the M. G. White league of land situated in Liberty county, Tex., same being about two acres, and being on the east side of the Trinity river, and about three miles south of the town of Liberty, Tex.," which was granted by the court on the 15th day of April, 1917, the order reciting that the application was for the sale of real estate belonging to the minor, Hanks, and described same as "an undivided interest in a certain part of the M. G. White league of land situated in Liberty county, Tex., same being about two acres, and being on the east side of the Trinity river, and about three miles south of the town of Liberty, Tex."

April 18, 1917, Cain, guardian, made report to the court that he had made sale of the land to Harry Waite, for the sum of $200, and described the land as "an undivided interest in a certain part of the M. G. White league of land, situated in Liberty county, Tex., same being about two acres, and being on the east side of the Trinity river, and about three miles south of the town of Liberty, Tex.," which said sale was by order of the court confirmed on April 24, 1917, and, in obedience to the said order of confirmation of the court, Cain, guardian, April 24, 1917, executed to the purchaser, Harry Waite, a deed to said land, said deed reciting the probate proceedings relative thereto, and conveying to said Waite the land mentioned in said proceedings, describing same as "an undivided interest in a certain part of the M. G. White league of land situated in Liberty county, Tex., same being about two acres, and being on the east side of the Trinity river, and about three miles east of the town of Liberty, Tex."

No other land was ever inventoried as a part of the estate of the minor Hanks, and no other land was shown ever to have been conveyed to him. It is undisputed that the

appellees own whatever title was acquired by Harry Waite by the guardian's deed in the proportion claimed by them in their pleadings.

[1, 2] Appellant's third assignment of error is:

"The district court erred in permitting the defendants to introduce in evidence, over the objections of the plaintiff, the following instruments, as shown by bills of exception Nos. 1 to 6, inclusive, to wit:

"(1) Application of C. H. Cain, guardian, to purchase an undivided interest of about two acres of land in the M. G. White league in Liberty county, which application was made to the county court on March 5, 1917.

"(2) The order of the county court of Liberty county, dated the 5th day of March, 1917, authorizing C. H. Cain to purchase said land, being an undivded interest of about two acres in the M. G. White league.

"(3) A deed from D. J. Harrison to Wyatt Hanks, dated the 15th day of April, 1917, conveying the oil, gas and other minerals in two acres of land specifically described by metes and bounds.

"(4) An application by C. H. Cain, guardian, for an order of sale made to the county court of Liberty county, dated April 9, 1917, to sell a certain undivided interest of about two acres in the M. G. White league.

"(5) The order of sale of the county court of Liberty county, dated April 15, 1917, authorizing said C. H. Cain to sell an undivided interest of about two acres in the said M. G. White league.

"(6) The report of sale of said C. H. Cain, guardian, made on the 18th day of April, 1917, showing a sale to Harry Waite of an undivided interest of about two acres in the M. G. White league.

"(7) The decree of court confirming said sale, dated April 24, 1917, describing an undivided interest of about two acres in said M. G. White league.

"(8) A deed of conveyance from C. H. Cain, guardian, to Harry Waite for an undivided interest of about two acres in the M. G. White league, for the reason that said instruments, on account of the descriptions of the land included therein as undivided, are irrelevant, incompetent, and inadmissible as evidence to show title to the land in controversy in the defendants."

This assignment cannot be considered, because multifarious. It complains of eight different matters, distinct rulings of the court, shown by six different bills of exception. Cammack v. Rogers, 73 S. W. 795, 96 Tex. 457; Railway Co. v. Fales, 77 S. W. 234, 33 Tex. Civ. App. 457 (writ denied); Foy v. Bank (Tex. Civ. App.) 28 S. W. 137; Berg v. San Antonio Street Railway Co. (Tex. Civ. App.) 49 S. W. 921 (writ denied); Sullivan v. Fant (Tex. Civ. App.) 160 S. W. 612, 617 (writ denied); Railway Co. v. Currie (Tex Civ. App.) 160 S. W. 656. However, in any event, the evidence was admissible.

[3] Appellant's fourth assignment complains that the court erred in admitting the testimony of C. H. Cain, guardian of Wyatt Hanks, relative to the purchase, sale, and identity of the land under the probate proceedings, showing it to be the same land involved here. The assignment is overruled. The evidence was admissible.

[4] The fifth assignment complains that the court erred in permitting appellees to introduce in evidence the deed from Hanks to Hanzen and Scranton, describing the land in controversy, for the reason that it was shown that Hanks had, prior to the execution of said deed, been adjudged of unsound mind, and it was not shown that he had recovered his mentality or been discharged from said judgment of lunacy. There was no evidence of Hanks' recovery or discharge. It is expressed by appellees that, because of the court's conclusion that the guardian's deed to Waite was effective and conveyed title, it was unnecessary to introduce evidence on that point, and they relied and are relying upon the effectiveness of the said guardian's deed to Waite for title, it being undisputed that they had whatever title Waite acquired to the land in controversy by said deed, and, as the court, under the evidence, concluded as a matter of law that the deed was effective and conveyed title to the land in question to Waite, and accordingly instructed a verdict for appellees, the matter complained of became and was immaterial.

[5-9] We come now to the controlling question. Appellant's first and second assignments assert that the court erred in instructing a verdict for appellees to the land, because the undisputed evidence shows that appellees had no title to the land, but that title was in appellant. This contention of appellant is based upon the belief that the deed from Cain, guardian of Hanks, to Waite is void for want of description, and hence the title to the land in controversy remains in appellant. We think the assignments should be overruled. The deed from Harrison to Hanks contained a good and perfect description of the property conveyed. The order of sale granted to the guardian on April 15, 1917, directed the sale of "real estate belonging to him" (the minor Hanks, appellant), and that it was the land mentioned in the application and about two acres, a part of the M. G. White league of land situated in Liberty county, Tex., on the east side of Trinity river and about three miles south of the town of Liberty, Tex. It was shown that this was all the land owned by the minor, Hanks, appellant, and that the M. G. White league was the only league in the name of M. G. White in Liberty county, and that it was located about three miles south of Liberty. The order of the court confirming the sale also described the land as about two acres out of the M. G. White league in Liberty county, Tex., on the east side of the Trinity river and about three miles south of the town of Liberty, Tex. The rule is well settled that any description that is sufficient in the volun-

tary deed of an individual is sufficient in the deed of an administrator or guardian and in the orders relating to same. McCardell v. Lea, 235 S. W. 518, 111 Tex. 387; Hermann v. Likens, 39 S. W. 282, 90 Tex. 448; Waterhouse v. Gallup (Tex. Civ. App.) 178 S. W. 773. It is also well settled that every reasonable intendment will be made in favor of the validity of judicial sales, and that controlling effect should be given to the intention of the court, as gathered from the entire record of the estate pertaining to which the orders of sale and confirmation were had. McCardell v. Lea, 235 S. W. 518, 111 Tex. 386, 387; Taffinder v. Merrell, 65 S. W. 177, 95 Tex. 95, 93 Am. St. Rep. 814; Holman v. Houston Oil Co. (Tex. Civ. App.) 174 S. W. 886 (writ denied); Hermann v. Likens, 39 S. W. 282, 90 Tex. 448.

In McCardell v. Lea, supra, it is said:

"It should now be accepted as settled in this state: First, that the policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish;' second, that the description in probate orders for the sale and conveyance of land by an administrator is sufficiently certain, where it may, by means of extraneous evidence, be so applied to the land as to reasonably identify it; and, third, that in construing probate orders controlling effect should be given to the intention of the court as it may be reasonably gathered from the entire record of the administration. [Citing authorities.]

"We follow the established rule of construction for all written instruments in giving the language of the order of sale that interpretation which makes it operative instead of that which would invalidate it. Hancock v. Butler, 21 Tex. 806; Curdy v. Stafford, 30 S. W. 551, 88 Tex. 124."

The order of the probate court authorizing the guardian to sell the land described same as land belonging to the minor Hanks. The report of the sale showed that the guardian had made sale in obedience to the order of the court, and that he had made sale of the land described in said order of sale. This was a sufficient general description for the introduction of parol evidence, and the parol evidence showing the land in question to be the only land owned by the minor, and the land intended by the court to be sold, is sufficient and passed title to the purchaser under said sale. McCardell v. Lea, 235 S. W. 518, 111 Tex. 387; Taffinder v. Merrell, 65 S. W. 177, 95 Tex. 95, 93 Am. St. Rep. 814; Hermann v. Likens, 39 S. W. 282, 90 Tex. 448; Carpenter v. Smith (Tex. Com. App.) 272 S. W. 128; Waterhouse v. Gallup (Tex. Civ. App.) 178 S. W. 773.

[10, 11] Appellant insists that in the description of the land in the application to sell, the order of sale, the report of sale, and the order confirming the sale as "an undivided interest in a certain part of the M. G. White league of land, situated in Liberty county, Tex., same being about two acres, and being on the east side of the Trinity river and about three miles south of the town of Liberty, Texas," the use of the word "undivided" points to different land, if any at all, and not to the two acres deeded to Hanks by Harrison, which was definitely described by metes and bounds, and hence the guardian's deed to Waite conveyed no title to the Harrison two acres. We do not think the contention is sound. There is nothing on the face of these descriptions to show whether or not the two acres was, in fact, an undivided interest; hence the ambiguity, if any, is not patent. It is only when the description is applied to the land that this error or misdescription, if it is such, appears. Therefore, the identity of the land conveyed could be aided by extraneous proof. The probate proceedings, the testimony of the guardian, Cain, and the other evidence offered make certain that it was the two acres in dispute that the guardian made application to sell, that the court ordered sold, and that was sold and conveyed to Waite under the order of sale, which was duly confirmed. It cannot be said that there is a patent ambiguity in a deed if the court, placing itself in the situation of the parties, could ascertain what they meant. Blackwell v. Scott (Tex. Civ. App.) 223 S. W. 334 (writ of error denied).

[12] Moreover, the rule is well established that where, by rejecting a part of the description as erroneous or false, a sufficient description to identify the land remains, the false will be rejected, and the instrument sustained. McCardell v. Lea, 235 S. W. 518, 111 Tex. 387; Finberg v. Gilbert, 141 S. W. 82, 104 Tex. 539; Cartwright v. Trueblood, 39 S. W. 930, 90 Tex. 535; Giddings v. Day, 19 S. W. 682, 84 Tex. 605; Arambula v. Sullivan, 16 S. W. 436, 80 Tex. 615; West v. Houston Oil Co., 102 S. W. 929, 46 Tex. Civ. App. 102; Wilson v. Giraud, 231 S. W. 1074, 111 Tex. 253; Deaton v. Hutson (Tex. Civ. App.) 261 S. W. 165; Strother v. Hamilton (Tex. Civ. App.) 268 S. W. 529. As was said in West v. Houston Oil Co., supra:

"When it is shown by extrinsic evidence what was the subject-matter of the contract, and the land actually sold and purchased and intended to be conveyed is thus identified, the false portion of the description in the deed should be rejected as surplusage, and the instrument construed in conformity with the true intention of the parties."

If the expression "undivided interest" in the description be rejected and eliminated as false, we think there is no question but that the remaining description is sufficient.

The judgment of the court below should be affirmed, and it is so ordered. Affirmed.