JOHN CARTWRIGHT V. S. E. TRUEBLOOD ET AL.

Decided March 29, 1897.

1. **Deed—Rules for Construction.**

Every part of the deed is to be given effect if it can be done. The largest estate its terms will permit will be conferred upon the grantee. Where language cannot be harmonized, that interpretation is adopted most favorable to the grantee. That in the description which is false may be rejected if the description is sufficient without it. (Pp. 537, 538.)

2. **Same—Deed Construed—Entire or Half-Interest.**

J. and S. owned two tracts of land of 640 and 320 acres, patented to W. S. B. and acquired by them partly as heirs of their half brother, W. C. B., but chiefly by inheritance from their mother, the widow of W. S. B. and mother of W. C. B., whom she had survived, he being her son by her first husband, W. S. B., and J. and S. being her son and daughter by a second marriage. They joined in conveying to C. "Two parcels of land, situated in Wise County, State of Texas; one parcel contains 640 acres and the other parcel contains 320 acres; being one-half of two parcels of land patented by W. S. B., now deceased, who died leaving one child to whom these lands descended, which child afterwards died, leaving as his heirs at law the said J. a half brother and S. a half sister." "And for more particular boundaries see the patents to said W. S. B." Held, that such instrument conveyed the entire title to the two tracts, and not merely a half interest therein. See opinion for fuller statement of the facts showing the intention of the parties and supporting the above construction of their deed. (Pp. 536 to 539.)

ERROR to Court of Civil Appeals, Second District, in an appeal from Wise County.

*Will A. Miller, Jr., J. T. Johnson & John H. Clark,* for defendants in error.—We must presume that the language, "being one-half of two parcels," was used by the grantors advisedly. It is plain that it is no clerical mistake. This language should not be discarded in the construction of this deed. This clause must be eliminated from this deed, and the circumstances given no weight, before it can be held to pass the entire two tracts. Applying one of the rules of construction, that a deed shall be construed with reference to the actual state of the property at the time of its execution, as the parties are supposed to refer to this for a definition and understanding of the terms used in the deed, it occurs to us that the meaning could be no other than found by the trial court and Court of Civil Appeals. By no other construction can we give every part of the deed meaning and effect "if possible and reject none." This construction would give effect and meaning to all parts of the deed; while the construction contended for by plaintiff in error would reject that portion referring to "one-half, etc."

While the rule is that a deed shall be construed most strongly against the grantor, yet it is the last one which courts apply, and is never resorted to so long as other rules of analysis and common sense are available to arrive at the intention of the parties.

We cite the following authorities bearing upon the question under discussion: Blount v. Bleker, 35 S. W. Rep., 863; Wade v. Deray, 50 Cal., 376; Watters v. Bredin, 70 Pa. St., 238; Stanley v. Green, 12 Cal., 148; Flagg v. Eames, 94 Am. Dec., 363, and notes; Allee v. Huntley,

56 Vt., 454; Salisbury v. Andrews, 19 Pick. (Mass.), 250; Vose v. Handy, 11 Am. Dec., 101; 2 Delvin on Deeds, secs. 1038, 1039, 1040, 1041; 3 Washburn, Real Property, 384; Tiedman, Real Property, secs. 827 and 828.

*McMurray & Gore,* for plaintiffs in error.—By this deed the whole of the land was conveyed. It says so, and describes the land as being one-half of the land owned by said Blunt in Wise County. The words, "Being one-half of two parcels of land patented to Wm. S. Blunt" is descriptive of the land and not intending to limit the quantity to one-half. The construction which conveys all is most consistent with intention of grantors taking the whole deed. Farley v. Deslonde, 58 Texas, 590. Look to the whole deed and, if doubtful what is conveyed, construed against grantor. Peck v. Hensley, 20 Texas, 677; Burleson v. Burleson, 28 Texas, 415. There is an explicit and unambiguous grant of the whole 320 and 640 acres, and it should control. Koenigheim v. Miles, 67 Texas, 121; Little v. Weatherford, 63 Texas, 640; Ragsdale v. Mays, 65 Texas, 257; Henderson v. Beaton, 1 Texas U. C., 24. The particular description "two parcels of land in Wise County, Texas, one tract containing 640 acres and the other parcel contains 320" acres will control, the general description "being one-half," etc. See 81 Texas, 259. It was the grantors duty to prepare the deed and if they left it doubtful as to what part of the estate to be conveyed it must be construed against them. Perry v. Rice, 10 Texas, 373; Peck v. Hensley, 20 Texas, 677; Burleson v. Burleson, 28 Texas, 415; Henderson v. Beaton, 1 Texas U. C., 24. The words "being one-half," etc., are descriptive words, and that was the intention when they were used. Cravens v. White, 73 Texas, 578; Devlin on Deeds, 1013, 1038.

The particular description in this deed will control the general description and convey the whole estate. We can construe the particular description to convey the whole 960 acres and not violate the general description, because the general description was simply a description and not intended to limit the amount to one-half. Cullers v. Platt, 81 Texas, 263; Michon v. Ayalla, 84 Texas, 690.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals made substantially the following statement of the facts found by that court: On the 13th day of March, 1857, the State of Texas issued to William S. Blount patents for two tracts of land, one for 640 acres, described as situated in Denton Land District in Wise and Jack counties; and the other for 320 acres, situated in Denton Land District in Wise County. The two surveys being a part of 6000 acres granted to Wm. S. Blount by the Republic of Texas. Wm. S. Blount died at a date not given, leaving surviving him his widow, Eliza Blount, and their son, Wm. C. Blount. The widow and Wm. C. Blount conveyed one-half of the 6000 acres to J. W. Lawrence, of Austin, Texas, who obtained patents thereon in 1854 or 1856. Referring to the statement of facts, we find that the undisputed testimony shows that Wm. C. Blount was the son of Wm. S. Blount and

Eliza Blount, his wife, who survived him, and that afterwards, in 1840, Mrs. Blount married a man named Halsey, of which marriage Mrs. Trueblood and Jno. H. Halsey were the offspring. Wm. C. Blount died before the death of his mother, and afterwards the mother, Mrs. Halsey, died, leaving Mrs. S. E. Trueblood and Jno. H. Halsey the only heirs to the 3000 acres not conveyed by Mrs. Blount and Wm. C. Blount. In 1878 Mrs. Trueblood, then Mrs. White, joined by her husband, Geo. A. White, conveyed to Wm. F. White 736 acres of the land so inherited lying in Archer County; and Jno. H. Halsey conveyed to J. Kelley 736 acres lying in the same county. Afterwards Jno. H. Halsey and Mary E., his wife, and Geo. A. White and Sarah Eugenia, his wife, made and delivered the following deed:

"This deed, made and executed this twenty-third day of January, one thousand eight hundred and seventy-three, between John H. Halsey and Mary E., his wife, and George A. White and Sarah Eugenia, his wife, of Nancemond County, Virginia, of the one part, and Marmaduke Cartwright, of the same place, of the other part, witnesseth: That the parties of the first part do, in consideration of the sum of twenty-four hundred dollars, grant, with general warranty, unto the said Marmaduke Cartwright, and to his heirs and assigns forever, two parcels of land situated in Wise County, State of Texas; one parcel contains 640 acres, and the other parcel contains 320 acres; being one-half of two parcels of land, patented by William S. Blount, now deceased, who died leaving one child, to whom these lands descended, which child afterwards died, leaving as his heirs at law said Jno. H. Halsey, a half brother, and said Sarah Eugenia, a half sister, who now sells to said Cartwright, and for more particular boundaries see the patents to said Wm. S. Blount. Together with all and singular the appurtenances belonging to the same; and the parties of the first part covenant that they will warrant the title to the land hereby sold to the said grantee and to his heirs and assigns, and that the said grantee and his heirs and assigns shall have quiet possession of said land, and that all other assurances thereof necessary and proper shall be executed."

The cause was tried in the District Court without a jury and judgment was given for the plaintiffs. Mrs. S. E. Trueblood and her husband, Wm. Trueblood, joined by other parties, the heirs of Jno. H. Halsey, who instituted suit in the District Court of Wise County against John Cartwright and others to recover half of the lands mentioned in the above deed. The Court of Civil Appeals affirmed the judgment of the District Court; from which judgment of the Court of Civil Appeals this writ of error was sued out.

The sole question presented for our consideration arises upon the construction of the deed copied above. Did that deed convey to the grantee the whole or only one-half of the two surveys of land mentioned therein?

Before examining the language of the deed we will state some of the rules of law which must govern in the construction of it and in arriving at the intention of the parties. Every part of the deed must be given

effect if it can be done, and when all of the parts are harmonized, the largest estate that its terms will permit of will be conferred upon the grantee. (Hancock v. Butler, 21 Texas, 816.) If the language cannot be harmonized, from which an ambiguity arises in the deed so that it is susceptible of two constructions, that interpretation will be adopted which is most favorable to the grantee. (Devlin on Deeds, sec. 848.) If there be that in the description of the property conveyed which is false, without which the description would be sufficient to identify the subject matter of the deed, the false part of the description will be rejected and effect given to that which remains. (Arambula v. Sullivan, 80 Texas, 619.)

The language "that the parties of the first part do in consideration of the sum of $2400, grant, with general warranty, unto the said Marmaduke Cartwright, and to his heirs and assigns forever, two parcels of land situated in Wise County, State of Texas; one parcel contains 640 acres, and the other parcel contains 320 acres;" is effective to convey the whole of the two tracts of land mentioned therein except that the description is not sufficiently certain to identify them. Having thus conveyed the whole interest in the two parcels of the land, the parties then proceed in the deed to identify the land by reciting the history of its acquisition by them, thus: "Being one-half of two parcels of land patented by Wm. S. Blount, now deceased, who died leaving one child, to whom these lands descended, which child afterwards died, leaving as his heirs at law said John Halsey, a half brother, and Sarah Eugenia, a half sister, who now sells to said Cartwright, and for more particular boundaries see the patents to said Wm. S. Blount." From the foregoing language it appears the grantors understood that Wm. C. Blount inherited all of the lands from Wm. S. Blount, and that they inherited it from Wm. C. Blount, by which the whole title was vested in them, and they as heirs of Wm. C. Blount sold to Cartwright; and, to put the question of identity beyond doubt, they refer to the patents to Wm. S. Blount for the boundaries to the land conveyed. If we consider the words "one-half of" as a limitation upon the interest conveyed by the language which precedes, then it stands in direct conflict with that part of the conveyance which grants the whole interest in the two parcels of land to Cartwright and also in direct conflict with that part which follows it, and which shows that the parties intended to convey their entire interest in the land, referring to the patent for a description which would include the whole of both surveys. If we construe this language, "one-half of," as referring to the quantity conveyed, then the conflict between those words and the remainder of the deed would create such ambiguity as to require a construction most favorable to the grantee, which would give the entire interest in the land to Cartwright.

The words "one-half of" are used in connection with language which identifies the thing conveyed and they are totally disconnected from and contradictory to every word which is used in the instrument to designate quantity; they must therefore be held to have been used to describe the

lands conveyed.    To give them effect we must find in Wise County a survey of twelve hundred and eighty acres and another of six hundred and forty acres in the name of Wm. S. Blount, of which the parcels conveyed are parts.    There are no such surveys, but there is a survey of 640 acres and another of 320 acres in the name of Wm. S. Blount in that county, which—if the words in question be omitted—correspond to the description in the deed; as a part of the description, the words "one-half of" are false and must be rejected.    This construction harmonizes every part of the instrument, and carries out the apparent intention of the parties.

It is urged by counsel that the defendants in error inherited only one-half of the property from Wm. C. Blount and that the terms of the deed indicate an intention only to convey what they inherited from him. From the language used in the deed it is evident that the parties understood that they inherited the whole land from W. C. Blount, although they in fact inherited the greater part of it from their mother.    They were conveying what they understood at the time they inherited from W. C. Blount, but at that time they evidently understood that Wm. C. Blount inherited it all from his father and they inherited it from him. The parties were citizens of the State of Virginia, with perhaps little knowledge of the laws of Texas, and doubtless they understood their rights as if they had been governed by the laws of that State.

The use of the words "one-half" appears to have occurred from a belief on the part of the grantors that each survey of land granted to Wm. S. Blount had been divided and patented separately one-half to J. W. Lawrence and one-half to Wm. S. Blount.    Mrs. Trueblood testified that the lands granted to Wm. S. Blount had been divided between Lawrence and W. C. Blount and her mother, and from this fact we conclude that the grantors were under the impression at the time that each party had received a patent to one-half of each survey.    It is not important, however, to reconcile the language, to sustain this construction, because if it cannot be reconciled it must be rejected as being in conflict with every other part of the instrument, which would result in the same interpretation.    It is not permissible to give controlling effect to that which creates an ambiguity and destroys the certainty which is expressed by other language, and thus overthrow the clear and explicit intention of the parties.    The effect of the construction given to the instrument by the trial court and Court of Civil Appeals is to accomplish this end, and by applying the words "one-half of" as a limitation upon the quantity or interest granted in the land to overturn the intention of the grantors to confer upon Cartwright the title to the whole as shown by the granting clause as well as all other parts of the instrument.

The District Court and Court of Civil Appeals erred in the construction of the deed in holding that it conveyed only the one-half interest in the land described, for which error the judgment of both courts will be reversed, and the cause remanded.

*Reversed and remanded.*