**SHUGART v. SHUGART et al. (No. 703.)**

(Court of Civil Appeals of Texas. Beaumont. June 18, 1921. Rehearing Denied June 29, 1921.)

**I. Deeds ⟷128—Intention of grantor prevails.**

In construing deeds the rule is that the intention of the grantor will prevail, if such intention is manifested from the language of the deed, though there may be words used therein which, if unrestricted, would bring it within the rule in Shelley's Case, and the intention is that which is manifested by the whole instrument.

**2. Deeds ⟷128—Rule in Shelley's Case not a rule of construction or intention.**

The rule in Shelley's Case is a rule of law, and not a rule of construction or intention, and is founded on the use of the technical words "heirs," "heirs of his body," or "bodily heirs," and requires that such words and phrases be used in a technical sense, and not to denote certain individuals.

**3. Deeds ⟷128—Rule in Shelley's Case held not to apply to deed; "heirs"; "heirs of their body."**

In a deed providing that, "in case either or both A. and L. should die without heirs of their body," the land should revert to and be divided between S. and his heirs, *held* that the words "heirs" and "heirs of their body" were used, not in their technical sense, but in the

sense of "children," and that the rule in Shelley's Case did not apply.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs; Heirs of the Body.]

**4. Deeds ⬤⟶97—Rule as to repugnant clauses.**

The rule that where two clauses in a deed are repugnant the first shall stand applies where the clauses are incapable of being harmonized. and apparent repugnant clauses must, if possible, be harmonized so as to give effect to both.

Appeal from District Court, Milam County; John Watson, Judge.

Action by N. B. Shugart and others against M. L. Shugart and others. Judgment for plaintiffs, and defendant named appeals. Affirmed.

W. A. Morrison, of Cameron, for appellant.

Henderson, Kidd & Henderson, of Cameron, for appellees.

O'QUINN, J. This is an action of trespass to try title to a tract of land in Milam county, brought by appellees against appellant and others. The following is the statement of the nature and result of the suit taken from the brief of appellee:

"On the 19th day of July, 1877, Stokely S. Shugart executed a deed, conveying to his wife, Nancy, a life estate in 178 acres of land, with remainder to their two daughters, Artitia and Louisa (the lower half to Artitia and the upper half to Louisa), upon conditional limitation expressed in the following clauses contained in the deed, to wit:

" 'And in case that either or both Artitia and Louisa Shugart should die without heirs of their body, the above and within described land shall revert to and be divided between L. C. Shugart and his heirs; and if only one should die without heirs, her half shall be divided between the other and L. C. Shugart's heirs.'

"Louisa survived her father, the grantor, and the mother, Nancy, the life tenant, and died in 1915 seized of the upper half of the land. No children were born to her, but she left surviving her the above-named Artitia, a full sister, and L. C. (Shugart), a half-brother, besides other legal heirs. On May 19, 1917, L. C. (Shugart) executed a deed purporting to convey to appellant, his second wife and the step-grandmother of appellees, an undivided one-half interest in the upper half of the land conveyed to Louisa by the Stokely S. Shugart deed above referred to. Appellees, as the children and descendants of a deceased child of L. C. (Shugart), brought suit against appellant for an undivided one-half of said upper half of the land, making Mrs. Artitia Hill and husband defendants, and asking for partition."

The case was tried before the court without a jury, who, after hearing the evidence, rendered judgment for appellees, granting the relief prayed for, from which appellant alone appeals.

The court made and filed his findings of fact and conclusions of law, as follows:

"Findings of Fact.

"N. B. Shugart, R. E. Shugart, and R. L. Hudnall, children, and Alvey, Fred, Lula May, and Griffin H. Dossey, minors, grandchildren of L. C. Shugart, deceased, by their next friend, N. B. Shugart, brought this suit in action of trespass to try title, and for damages, against M. L. Shugart, Artitia Hill and her husband, W. B. Hill, and T. H. Freeman, for title, possession, and rents for an undivided one-half interest in a tract of 89 acres of land on the Levi Taylor league in Milam county. Freeman filed a disclaimer as to title, being only a tenant. The Hills made no appearance, and M. L. Shugart filed a general demurrer and general denial.

"Plaintiffs in their petition allege that they and the defendant Artitia Hill are the joint owners of the land, and set forth their respective interests. Defendant M. L. Shugart, claims under a deed to her from L. C. Shugart. The contest is between plaintiffs and defendant Hill on the one side and M. L. Shugart on the other. M. L. Shugart is the second wife of L. C. Shugart, deceased, but is not the mother or grandmother of plaintiffs. Stokely S. Shugart, father of L. C. Shugart, is the common source, and the controversy arises over the construction of the following deed from Stokely S. Shugart to his wife, Nancy, and daughters, Artitia and Louisa, and is as follows, to wit:

" 'The State of Texas, County of Milam:

" 'Know all men by this public instrument made and entered into by and between Stokely S. Shugart of the county of Milam, state of Texas, of the first part, and Nancy Shugart and Artitia Shugart and Louisa Shugart, of the county of Milam in the state of Texas, second party, witnesseth:

" 'That for and in consideration of the natural love and affection of the party of the first part, for the party of the second part, as his wife and children, and also divers other good causes and considerations to the part of the first part, has given, granted, bargained, sold and conveyed and do hereby give, grant, bargain, sell and release first to his wife, Nancy Shugart, during her natural life, she having relinquished all claims to title in and of the estate of said Stokely S. Shugart, the following described land and premises lying and being situated in the county of Milam, state of Texas, and being a part of the Levi Taylor league on the Brazos river, to wit [field notes omitted herein] to the beginning, containing 178⅜ acres. After the death of said Nancy Shugart to Artitia the lower half of the above survey upon which the family residence now stands * * * is hereby and herein deeded to said Artitia Shugart and her heirs after her, and to Louisa Shugart and her heirs after her is hereby and herein deeded the upper half of the above-described land [89⅓ acres] and in case that either or both Artitia and Louisa Shugart should die without heirs of their body, the above and within described land shall revert to and be divided between L. C. Shugart and his heirs, and if only one should die without heirs, her half shall be divided between the other and L. C. Shugart's heirs. * * *

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

" 'To have and to hold all and singular the premises and hereditaments above mentioned, and hereby and herein granted, with the appurtenances thereto belonging to the said party of the second part and heirs after them, as above directed, to the only proper use and benefit of the said [party] of the second part and heirs after them, as above directed, forever, and said party of the first part by this act binds himself, his heirs and administrators to warrant and forever defend all and singular the hereinbefore described premises unto the said party of the second part and their heirs after them, as above directed, against every person or persons whomsoever lawfully claiming or to claim the same or any part thereof. * * * '

"[The record discloses said deed to have been properly signed and acknowledged by the grantor on the 19th day of July A. D. 1877, and placed of record.]

"The deed was made a short time prior to the death of Stokely S. Shugart, and was filed for record by him on the 18th day of February, 1878. Nancy was the second wife of Stokely S. Shugart, and Artitia and Louisa were his children by her. By his first wife Stokely S. Shugart had five children, viz.: L. C. Shugart, Annie Lou Brown, Texana Green, Dorothy Jackson, and William Shugart. William died before his father, and prior to the execution of the above deed. His wife also died and they left one child, Fred, who is now living. Mrs. Brown was reported dead, and so were her children. They have not been heard from for 25 or 30 years. Texana Green and Dorothy Jackson have not been heard of in 25 years. L. C. Shugart died the 27th of January, 1918. He had four children, N. B. Shugart, R. E. Shugart (Hudnall), R. L. Shugart, and one child, Alice Shugart, mother of the minors, Harvey, Fred, Lula May, and Griffin Dossey. Alice was the only one of L. C. Shugart's children that died and left children. It was agreed by counsel for plaintiffs and defendants that the minor plaintiffs have no guardian.

"Stokely S. Shugart, died in possession of the land in controversy, and his wife, Nancy, and daughters, Artitia and Louisa, occupied the land after his death. After the death of Stokely S. Shugart, his wife married a man by the name of Oglesman. She died about 24 years ago. After her death, Artitia and Louisa took their respective tracts of land. Artitia is living, a party defendant, and has four children. Louisa married James Simms. He lived only about 8 years after their marriage, and she remained a widow and died without having child or children and never had any children. She had possession of her tract of land up until her death, about 5 years ago, which was before the execution of the deed by L. C. Shugart to M. L. Shugart.

"In 1917, L. C. Shugart made and delivered the following deed to his wife, M. L. Shugart, defendant, which was filed for record 21st day of May, 1917, in county clerk's office, Milam county, to wit:

" 'The State of Texas, County of Limestone:

" 'Know all men by these presents, that I, L. C. Shugart, of the county of Limestone, state of Texas, for and in consideration of the love and affection I have for my wife, Mrs. M. L.

233 S.W.—20

Shugart, and for other good and valuable considerations, have granted, given and conveyed and by these presents do grant, give and convey unto the said Mrs. M. L. Shugart, of Limestone county, Texas, all that said lot or parcel of land described as follows: My undivided one-half interest in and to 89 acres of land, a part of the Levi Taylor grant situated in the county of Milam, state of Texas, the said 89 acres being described by metes and bounds in a deed from Stokely S. Shugart to Nancy Shugart, Artitia Shugart and Louisa Shugart of date July 18, 1877. * * * The land hereby conveyed being the same undivided interest in said 89 acres of land which I inherited from my deceased sister, Louisa Shugart. * * * '

### "Conclusions of Law.

"I conclude that the deed from Stokely S. Shugart to his wife, Nancy, and his daughters, Artitia and Louisa Shugart, conveyed a life estate to Nancy and an estate in fee simple, upon conditional limitation to the daughters, Artitia and Louisa. The words 'heirs' and the words 'heirs of their body' in the deed, are therein used in a restricted and nontechnical sense, and mean children.

"Louisa having died without child or children, her tract passed in fee simple, one-half to Artitia Hill and the other half to the plaintiffs, children and grandchildren of L. C. Shugart."

The construction of the deed executed by Stokely S. Shugart, above set forth, is the only question in the case, appellant contending that same falls within the rule of Shelley's Case, and appellees insisting that Shelley's rule does not apply. As we understand appellant's contentions, they are: (1) That Louisa took her half of said land (89 acres), in fee simple, without limitation, and that upon her death, L. C. Shugart (appellant's grantor) inherited a portion of her half; and (2) that if that is not the correct theory, then the entire estate of both Artitia and Louisa, under the first limiting clause in the deed, descended to L. C. Shugart and his heirs, and that under the rule in Shelley's Case, L. C. Shugart was entitled, either to the entire 178 acres, or an undivided half of same, under the theory that appellees took half.

[1] In construing deeds, the rule is that the intention of the grantor will prevail, if such intention is manifest from the language of the deed, though there may be words used therein which, if unrestricted, would bring it within the rule in Shelley's Case. In construing the instrument, all of its provisions should be looked to for the purpose of ascertaining what the real intention of the grantor was, and if this can be ascertained from the language of the instrument, then any particular paragraph of the deed, which considered alone would indicate a contrary intent, must yield to the intention manifested by the whole instrument. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 16; West v. Glisson, 184 S. W. 1042.

[2] The rule in Shelley's Case is a rule of law and not a rule of construction or intention, and is founded on the use of the technical words "heirs," "heirs of his body," or "bodily heirs." The words "heirs," "heirs of his body," and "bodily heirs" must be used in a technical sense, and not to denote certain individuals. If the instrument indicates that the words were used in the latter sense, the rule does not apply. Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824. The manifest intention of the grantor will control the rule in Shelley's Case, if in conflict with it.

[3] If it appear from the instrument that the words "heirs" and "heirs of their body" are used to designate the children of the grantees, effect should be given to that intention. To us the intention of the grantor is apparent, and to apply the rule in Shelley's Case would defeat the purpose and intent of the grantor, and render the instrument incongruous and contradictory in all its parts, while the enforcement of the intention of the grantor will harmonize its every provision. We think that the grantor clearly used the words "heirs" and "heirs of their body," not in their technical sense, but in the sense of "children." This is plainly manifest in the first clause, where he provides, "in case either or both Artitia and Louisa should die without heirs of their body," the land should revert to and be divided between L. C. Shugart and his heirs. The word "either" must have been inadvertently used, the intent, as we construe it, being that if both died without heirs of their bodies the land should be divided between L. C. Shugart and his heirs. To apply the technical use of the words "heirs" in that clause would make it impossible of consummation, as the lands could not be divided between L. C. Shugart and his heirs, for if he were living he could have no heirs. The grantor evidently means, in the event named, that the land should be divided between L. C. Shugart and his children. To apply the rule in Shelley's Case and give the technical meaning to the word "heirs" as it is used in each of the clauses in the deed would render the provisions thereof impossible of execution and absurd, and both clauses must fall, because no effect could be given to either, and the obvious intention of the grantor ignored. But if the word "heirs" be construed to mean "children," then effect can be given to each of said clauses, and the manifest intention of the grantor carried out.

[4] In the first limiting clause, it is provided:

"In case that either or both Artitia and Louisa Shugart should die without heirs of their body * * * the land shall revert to and be divided between L. C. Shugart and his heirs."

In the second clause, it says:

"If only one should die without heirs, her half shall be divided between the other and L. C. Shugart's heirs."

The use of the word "either" in the first clause renders the two clauses apparently inconsistent. The use of the words "either or" in the first clause evidently was inadvertent or a clerical error, for when considered together, the two clauses manifest the intention of the grantor to provide that in case both Artitia and Louisa should die without children, the land should be divided between his son L. C. Shugart, and L. C. Shugart's children; but if only one should die without children, then her land should be divided between the other (meaning the other one of the sisters, Artitia) and L. C. Shugart's children. But appellant contends that where two clauses are repugnant the first shall stand. This rule applies where there are repugnant clauses, and they are incapable of being harmonized. The rule is equally well established that where there are apparently repugnant clauses in an instrument, they must, if possible, be harmonized, so as to give effect to both. Martin v. Rutherford et al., 153 S. W. 158; Cartwright v. Trueblood, 90 Tex. 537, 538, 39 S. W. 930; 13 Cyc. 619. Louisa did die without heirs of her body, and to give effect to the words "either or" as used in the first clause would terminate Artitia's estate in the land, and thus defeat the plainly expressed intention of the grantor as to what should be done with the land in case only one of the daughters should die without children, as expressed in the second clause, and would render the two clauses so repugnant as that one or the other must fall. It is hardly conceivable that the grantor intended that the death of Louisa, without heirs of her body, should defeat the estate conveyed to her sister, Artitia, and the provision in the second clause plainly shows that such was not his intention. Eliminating the words "either or" as being used inadvertently, the two clauses harmonize perfectly with each other, and with the plain intent of the grantor, as is manifest from the reading of the whole instrument. Cartwright v. Trueblood, 90 Tex. 537, 538, 39 S. W. 930; 13 Cyc. 619. We believe that the rule in Shelley's Case has no application to this case, for from a consideration of the whole instrument, together with the situation and relation of the parties, it is manifest that the words "heirs" and "heirs of their body" were used by the grantor in the sense of "children," and, that being true, appellant's contention must fall. Hunting et al. v. Jones, 215 S. W. 959; Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 16; McMahon v. McMahon, 198 S. W. 355; Simon-

ton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824; 21 Cyc. 430.

The judgment is affirmed.