SHUGART v. SHUGART. (No. 329–3685.)*

(Commission of Appeals of Texas, Section B. Feb. 21, 1923.)

1. Deeds ⬅128—Rule in Shelley's Case inapplicable, where intent, by use of words "heirs," "heirs of the body," etc., was not to comprehend whole line of succession to life holder.

If grantor's intent in using the words "heirs," "heirs of the body," etc., was to comprehend the whole line of succession to the life holder, the rule in Shelley's Case applies, but if his intent was to use them in a limited, restricted, and untechnical sense, merely to designate certain persons who shall take at the life holder's death, the rule does not apply.

2. Deeds ⬅128—Rule in Shelley's Case held inapplicable; "heirs," "heirs after her," "heirs of their body."

The rule in Shelley's Case held inapplicable to a deed conveying a life estate to grantor's wife with one-half in remainder to each daughter and "her heirs after her," on condition that if either or both died without "heirs of their body" the land should revert to another and his "heirs," and that, if only one died without "heirs," her half should be divided between her sister and such reversioner's "heirs"; the words "heirs", "heirs after her," and "heirs of their body" being used in their nontechnical sense to mean children.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs; Heirs of the Body.]

3. Deeds ⬅128—Deed construed as conveying deceased daughter's interest in remainder to surviving daughter, despite inconsistent provision; "either."

A deed conveying a life estate to grantor's wife with remainder to their two daughters, on condition that, if "either or both" died without heirs of their body, the land should revert to another and his heirs, and that, if only one died without heirs, her half should be divided between the survivor and such reversioner's heirs, construed as expressing grantor's intent that if either daughter died without children her half should be divided between the survivor and the heirs of such reversioner; the words "either or," the former of which means "one of the two," being rejected as insensible when considered with the preceding and following provisions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Either.]

4. Deeds ⬅97—Words repugnant to parties' intent rejected as insensible.

A deed must be construed, if possible, so that no part shall be rejected, but words repugnant to other parts and the parties' intent will be rejected as insensible.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by N. B. Shugart against M. L. Shugart and others. From a judgment (233 S. W. 303) affirming a judgment for plaintiff, the named defendant brings error. Affirmed.

W. A. Morrison, of Cameron, for plaintiff in error.

Henderson, Kidd & Henderson, of Cameron, for defendant in error.

HAMILTON, J. We adopt the statement of the case as made by the Court of Civil Appeals, which follows:

"On the 19th day of July, 1877, Stokely S. Shugart executed a deed, conveying to his wife, Nancy, a life estate in 178 acres of land, with remainder to their two daughters, Artitia and Louisa (the lower half to Artitia and the upper half to Louisa), upon conditional limitation expressed in the following clauses contained in the deed, to wit: 'And in case that either or both Artitia and Louisa Shugart should die without heirs of their body, the above and within described land shall revert to and be divided between L. C. Shugart, and his heirs; and if only one should die without heirs, her half shall be divided between the other and L. C. Shugart's heirs.'

"Louisa survived her father, the grantor, and the mother, Nancy, the life tenant, and died in 1915, seized of the upper half of the land. No children were born to her, but she left surviving her the above-named Artitia, a full sister, and L. C. (Shugart), a half-brother, besides other legal heirs. On May 19, 1917, L. C. (Shugart) executed a deed purporting to convey to appellant, his second wife and the stepgrandmother of appellees, an undivided one-half interest in the upper half of the land con-

veyed to Louisa by the Stokely S. Shugart deed above referred to. Appellees, as the children and descendants of a deceased child of L. C. (Shugart), brought suit against appellant for an undivided one-half of said upper half of the land, making Mrs. Artitia Hill and husband defendants, and asking for partition.

"The case was tried before the court without a jury, who, after hearing the evidence, rendered judgment for appellees, granting the relief prayed for, from which appellant alone appeals. The court made and filed his findings of fact and conclusions of law, as follows:

## "Findings of Fact.

"N. B. Shugart, R. E. Shugart, and R. L. Hudnall, children, and Alvey, Fred, Lula May, and Griffin H. Dossey, minors, grandchildren of L. C. Shugart, deceased, by their next friend, N. B. Shugart, brought this suit in action of trespass to try title, and for damages, against M. L. Shugart, Artitia Hill and her husband, W. B. Hill, and T. H. Freeman, for title, possession, and rents for an undivided one-half interest in a tract of 89 acres of land on the Levi Taylor league in Milam county. Freeman filed a disclaimer as to title, being only a tenant. The Hills made no appearance, and M. L. Shugart filed a general demurrer and general denial.

"Plaintiffs in their petition allege that they and the defendant Artitia Hill are the joint owners of the land, and set forth their respective interests. Defendant M. L. Shugart claims under a deed to her from L. C. Shugart. The contest is between plaintiffs and defendant Hill on the one side and M. L. Shugart on the other. M. L. Shugart is the second wife of L. C. Shugart, deceased, but is not the mother or grandmother of plaintiffs. Stokely S. Shugart, father of L. C. Shugart, is the common source, and the controversy arises over the construction of the following deed from Stokely S. Shugart to his wife, Nancy, and daughters, Artitia and Louisa, and is as follows, to wit:

"'The State of Texas, County of Milam: Know all men by this public instrument made and entered into by and between Stokely S. Shugart of the county of Milam, state of Texas, of the first part, and Nancy Shugart and Artitia Shugart and Louisa Shugart, of the county of Milam in the state of Texas, second party, witnesseth: That for and in consideration of the natural love and affection of the party of the first part, for the party of the second part, as his wife and children, and also divers other good causes and considerations to the party of the first part, has given, granted, bargained, sold and conveyed and do hereby give, grant, bargain, sell and release first to his wife, Nancy Shugart, during her natural life, she having relinquished all claims to title in and of the estate of said Stokely S. Shugart, the following described land and premises lying and being situated in the county of Milam, state of Texas, and being a part of the Levi Taylor league on the Brazos river, to wit (field notes omitted herein) to the beginning, containing 178⅔ acres. After the death of said Nancy Shugart to Artitia the lower half of the above survey upon which the family residence now stands * * * is hereby and herein deeded to said Artitia Shugart and her heirs after her, and to Louisa Shugart and her heirs after her

is hereby and herein deeded the upper half of the above-described land (89⅓ acres) and in case that either or both Artitia and Louisa Shugart should die without heirs of their body, the above and within described land shall revert to and be divided between L. C. Shugart and his heirs, and if only one should die without heirs, her half shall be divided between the other and L. C. Shugart's heirs. * * * To have and to hold all and singular the premises and hereditaments above mentioned, and hereby and herein granted, with the appurtenances thereto belonging to the said party of the second part and heirs after them, as above directed, to the only proper use and benefit of the said (party) of the second part and heirs after them, as above directed, forever, and said party of the first part by this act binds himself, his heirs and administrators to warrant and forever defend all and singular the hereinbefore described premises unto the said party of the second part and their heirs after them, as above directed, against every person or persons whomsoever lawfully claiming or to claim the same or any part thereof. * * * (The record discloses said deed to have been properly signed and acknowledged by the grantor on the 19th day of July A. D. 1877, and placed of record.)'

"The deed was made a short time prior to the death of Stokely S. Shugart, and was filed for record by him on the 18th day of February, 1878. Nancy was the second wife of Stokely S. Shugart, and Artitia and Louisa were his children by her. By his first wife Stokely S. Shugart had five children, viz: L. C. Shugart, Annie Lou Brown, Texana Green, Dorothy Jackson, and William Shugart. William died before his father, and prior to the execution of the above deed. His wife also died, and they left one child, Fred, who is now living. Mrs. Brown was reported dead, and so were her children. They have not been heard from for 25 or 30 years. Texana Green and Dorothy Jackson have not been heard of in 25 years. L. C. Shugart died the 27th of January, 1918. He had four children, N. B. Shugart, R. E. Shugart (Hudnall), R. L. Shugart, and one child, Alice Shugart, mother of the minors, Harvey, Fred, Lula May, and Griffin Dossey. Alice was the only one of L. C. Shugart's children that died and left children. It was agreed by counsel for plaintiffs and defendants that the minor plaintiffs have no guardian.

"Stokely S. Shugart, died in possession of the land in controversy, and his wife, Nancy, and daughters, Artitia and Louisa, occupied the land after his death. After the death of Stokely S. Shugart, his wife married a man by the name of Oglesman. She died about 24 years ago. After her death, Artitia and Louisa took their respective tracts of land. Artitia is living, a party defendant, and has four children. Louisa married James Simms. He lived only about 8 years after their marriage, and she remained a widow and died without having child or children and never had any children. She had possession of her tract of land up until her death, about 5 years ago, which was before the execution of the deed by L. C. Shugart to M. L. Shugart.

"In 1917, L. C. Shugart made and delivered the following deed to his wife, M. L. Shugart defendant, which was filed for record the 21st

day of May, 1917, in county clerk's office, Milam county, to wit:

" 'The State of Texas, County of Limestone: Know all men by these presents, that I, L. C. Shugart, of the county of Limestone, state of Texas, for and in consideration of the love and affection I have for my wife, Mrs. M. L. Shugart, and for other good and valuable considerations, have granted, given and conveyed and by these presents do grant, give and convey unto the said Mrs. M. L. Shugart, of Limestone county, Texas, all that said lot or parcel of land described as follows: My undivided one-half interest in and to 89 acres of land, a part of the Levi Taylor grant situated in the county of Milam, state of Texas, the said 89 acres being described by metes and bounds in a deed from Stokely S. Shugart to Nancy Shugart, Artitia Shugart and Louisa Shugart of date July 18, 1877. * * * The land hereby conveyed being the same undivided interest in said 89 acres of land which I inherited from my deceased sister, Louisa Shugart. * * *'

### "Conclusions of Law.

"I conclude that the deed from Stokely S. Shugart to his wife, Nancy, and his daughters, Artitia and Louisa Shugart, conveyed a life estate to Nancy and an estate in fee simple, upon conditional limitation to the daughters, Artitia and Louisa. The words 'heirs' and the words 'heirs of their body' in the deed, are therein used in a restricted and nontechnical sense, and mean children. Louisa having died without child or children, her tract passed in fee simple, one-half to Artitia Hill and the other half to the plaintiffs, children and grandchildren of L. C. Shugart."

Plaintiff in error appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 233 S. W. 303.

[1] The only questions presented in the case arise as to the proper construction of the provisions of the deed above quoted. It is strongly contended by the plaintiff in error that the rule in Shelley's Case is applicable to the terms of the deed under consideration. The rule in Shelley's Case has been stated to be as follows:

"When a person takes an estate of freehold, legally, or equitably, under a deed, will, or other writing, and in the same instrument, there is a limitation, by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." 4 Kent. 215.

That rule is a conclusion of law applicable to an intention, by a grantor or maker of a will, by the use of the words "heirs of the body" or other words of inheritance to comprehend the whole line of heirs to the holder of the life estate. When upon consideration of the whole instrument, such an intention is discovered, the rule applies as a matter of law and without further consideration.

When the word heirs, etc., is not used in the large sense and to include a succession, but is used in a peculiar and restrictive sense, and is intended merely to designate certain persons, who, at the death of the holder of the life estate, may answer to that description, the rule does not apply. So that it is only necessary first to determine the intention of the grantor in a deed or of the testator in his will. If that intention, as shown by the instrument, is, by the use of the words "heirs, heirs of the body," etc., to comprehend the whole line of succession to the life holder, then the rule applies. But if that intention, as revealed by the instrument, was not to use such words in their full and proper sense and to include the whole of the grantor's or testator's inheritable blood, "but was to use the word 'heirs' in a limited, restrictive, and untechnical sense," then the rule in Shelley's Case does not apply. The principles governing the application of the rule are more fully discussed in the case of Crist v. Morgan, 245 S. W. 659, recently decided by Section B of the Commission of Appeals.

[2] We think the deed reveals clearly the intention of the grantor to use the words "heirs after her," "heirs of the body," and "heirs" in a restrictive sense, and to mean children. The land could not have been "divided between L. C. Shugart and his heirs" if the word heirs had been used in the technical sense, because L. C. Shugart could have no heirs, in that sense, while he was living. One-half of it could not have been "divided between the other and L. C. Shugart's heirs" until after his death, if the word heirs had been used in the technical sense, for the same reason. Therefore, the word "heirs" must have been used in each of those instances, in its nontechnical sense to mean children. Since it is clear to us that the word "heirs" means children, for the reasons above indicated, we think the same meaning was intended by the words "heirs after her" and "heirs of their bodies," and that "children" was meant by the use of the terms in each instance, respectively. Therefore, applying the principles governing the application of the rule in Shelley's Case, as hereinbefore set out, it is clear that the rule is not applicable to the terms of the deed under consideration.

[3] It is apparent that the provision "and in case that either or both Artitia and Louisa Shugart should die without heirs of their body the above and within described land shall revert to and be divided between L. C. Shugart and his heirs," and the provision "and if only one should die without heirs her half shall be divided between other and L. C. Shugart's heirs" are repugnant. The word "either," as used in the first provision, means "one of the two." Hence, that provision, if all the words in it

be given full force, would mean "in case that one of the two or both Artitia and Louisa Shugart should die without heirs of their body the above and within described land shall revert to and be divided between L. C. Shugart and his heirs." But the second proposition is: "And if only one should die without heirs her half shall be divided between the other and L. C. Shugart's heirs." It is impossible to reconcile these two provisions, as they stand, because they prescribe different dispositions of the land upon the same contingency—the death of only one of the two, Artitia and Louisa.

If however we can gather from the whole deed which of these two clauses was really intended, it is our duty to declare it and let it have effect. In the second clause it is clearly and definitely stated that "if only one should die without heirs her half shall be divided' between the other and L. C. Shugart's heirs." This clause could take effect only in the event the other should be living at the time the one should die without heirs. However, that is the status in this case. It is clear from this clause, when considered alone, that the grantor wanted the property of the one of the two daughters who should die without heirs divided between the other and L. C. Shugart's heirs.

We think the portion of the deed preceding, as well as the second clause above quoted, show an intent contrary to that expressed in the first clause. The preceding portion referred to is "the lower or southern or central division is hereby and herein deeded to the said Artitia Shugart and her heirs after her, and to Louisa Shugart and her heirs after her is hereby and herein deeded the upper half of the above described land." We have already determined that the words "heirs after her" as used there, mean children. From this it.is clear that the grantor desired that the children of each of the daughters should have her portion of the land. Then it is not reasonable to suppose that he intended to take the portion deeded to one from her children, if the other died without children. Such. would be the result if the first clause be given effect to the exclusion of the second clause.

All parts of the deed are in harmony, if we eliminate the words "either or" from the first clause. This must be done, or else we must give effect to the first clause as it stands, thereby denying the grantor's intention as expressed in the preceding portion of the deed, that the children of each of his daughters should have the portions granted them respectively and annulling the second clause wherein the grantor again clearly expressed the intention that "if only one should die without heirs her half shall be divided between the other and L. C. Shugart's heirs."

[4] We think the intent of the grantor, as revealed by the deed, was that, in the event one of the two daughters should die without children, while the other was still living, her half should be divided between the other and L. C. Shugart's heirs. These conclusions cannot be reached without rejecting the words "either or" as insensible. They are not insensible when considered independently of the other parts of the deed. They are insensible when considered with the other provisions of the deed above quoted. The courts always give effect to every part of a deed, if it is possible, consistent with the rules of law. The rule of law is that a deed must be construed, if possible, so that no part shall be rejected. If this cannot be done they then examine and see if there is enough of the consistent and' intelligible portions of the same to give effect to the intention of the parties; and, if so, they reject what is repugnant to the general intention of the deed, or to any particular intention of the party. Presbrey v. Presbrey, 13 Allen (Mass.) 283; Bent v. Roberts, 137 Mass. 192.

"Where there are any words in a deed that evidently appear repugnant to the other parts of it, and to the general intention of the parties, they will be rejected as insensible; for words are not the principal things in a deed, but the intent and design of the parties." Greenleaf's Cruise on Real Property, vol. 4, title 32, c. 20, § 25; Crowley v. Swindles, Vaugh. 173.

Therefore we think that the words "either or" should be rejected as insensible when considered in the light of the whole instrument, and that it should be held 'upon the death of Louisa that her half of the land should be divided between her sister, Artitia, and L. C. Shugart's children.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.