**SANFORD et al. v. FARMER et al.**

No. 6287.

Court of Civil Appeals of Texas. Texarkana.

June 18, 1947.

Rehearing Denied June 26, 1947.

M. H. Barton, of Henderson, and A. A. Garrett, of Dallas, for appellants.

Waldrop, Shaw & Brown, of Henderson, and Norman M. West, of Houston, for appellees.

HALL, Justice.

This is a suit instituted by appellees against appellants for the construction of a mineral assignment executed by appellant Sanford to appellee Frances Nell Farmer on May 9, 1935, conveying to appellee certain fractional interests of the oil and gas in and under a 7/17 acre tract of land known as the Norfolk Baptist Church property in Rusk County, and for an accounting to appellees for their interest of the oil and gas sold off of said premises and withheld from them. In the alternative they alleged that the assignment was ambiguous in its terms and prayed that the court hear evidence as to the mutual agreements and intentions of the parties and that the instruments be construed as contended for by appellees. Appellants filed answers joining the issue by plea in abatement and general denial. Those appellants holding under Sanford also plead estoppel and averred that they were innocent purchasers of the respective interests held by them.

The trial was to the court without a jury and resulted in a judgment for appellees awarding to them, in addition to an undivided 1/16 of the 7/8 working interest in Well No. 1, "an undivided 1/32nd of the 7/8ths working interest running throughout the Norfolk Baptist Church lease of the 7/17th

acre." This latter award forms the basis of this appeal.

Appellants' point No. 9 is: "The court erred in his construction of said instrument which is written in plain language and should be interpreted as written to be under said well and not under said lease."

In our opinion this point presents the controlling question here. That portion of the assignment pertinent is: "Now, therefore, for and in consideration of Ten Dollars, and other good and valuable consideration paid by Frances Nell Farmer, the receipt of which is hereby acknowledged, the undersigned, the present owner of said lease and all rights thereunder or incident thereto, does hereby, bargain, sell, transfer, assign and convey unto the said Frances Nell Farmer all rights, title and interest of the original lessee and present owner in and to an undivided one-sixteenth (1/16th) of seven-eighths (7/8ths) working interest in and to well No. One on said tract, which said well is located approximately in the center of said tract; and for the same consideration, the undersigned, J. Curtis Sanford, does hereby bargain, sell, transfer, convey and assign unto the said Frances Nell Farmer an undivided one-thirty-second (1/32nd) of seven-eighths (7/8ths) reversionary working interest, same being a part of the one-eighth of seven-eighths retained by lessors in the oil, gas and mineral lease executed under date of June 6th, A. D. 1932, and recorded in Vol. 229, page 519, deed records of Rusk County, Texas, until such time as lessors and/or their assigns should be paid and receive the sum of Ten Thousand Dollars from the sale of one-eighth of seven-eighths of the oil produced, saved and sold from said well, said one-thirty-second (1/32nd) of seven-eighths (7/8ths) interest hereby so conveyed and assigned to become effective when the remaining unpaid portion of said Ten Thousand Dollars oil payment shall have been paid; together with all personal property thereon or used or obtained in connection therewith."

There is no criticism of the trial court's judgment awarding to appellees 1/16 of the 7/8ths working interest in Well No. 1 but only to that part of the judgment awarding 1/32 of the 7/8 working interest running

through the lease. It is appellants' contention that the latter fractional interest should also be limited to Well No. 1.

On June 6, 1932, the trustees of the Norfolk Baptist Church leased the 7/17 acre tract of land here in controversy to J. D. Blanton for a consideration of $10,000 payable out of 1/8 of 7/8 of the first oil produced and marketed from the premises. The church also retained the usual 1/8 royalty. This lease was, in January, 1933, assigned by Blanton to appellant Sanford, Blanton reserving a 1/32 overriding royalty and Sanford assuming the obligations of the original lease. On the date of assignment from Sanford to Frances Nell Farmer there was only one oil well on the tract of land. On June 17, 1935, subsequent to the assignment to appellee of May 9, 1935, oil well No. 2 was completed. It is stipulated in the record that the oil payment of $10,000 retained in the Norfolk Church lease to J. D. Blanton was paid on March 15, 1940. This suit was instituted subsequent to that date and prior to October, 1941.

We are concerned here only with the proper construction of the latter part of the copied portion of the assignment, namely: "* * * and, for the same consideration, the undersigned, J. Curtis Sanford, does hereby bargain, sell, transfer, convey and assign unto the said Frances Nell Farmer an undivided one-thirty-second (1/32nd) of seven-eighths (7/8ths) reversionary working interest, same being a part of the one-eighth of seven-eighths retained by lessors in the oil, gas and mineral lease executed under date of June 6th, A.D., 1932, and recorded in Vol. 229, page 519, deed records of Rusk County, Texas, until such time as lessors and/or their assigns should be paid and receive the sum of Ten Thousand Dollars from the sale of one-eighth of seven-eighths of the oil produced, saved and sold from said well, said one-thirty-second (1/32nd) of seven-eighths (7/8ths) interest hereby so conveyed and assigned to become effective when the remaining unpaid portion of said Ten Thousand Dollar oil payment shall have been paid."

It is appellants' contention that the phrase "until such time as lessors

and/or their assigns should be paid and receive the sum of $10,000.00 from the sale of one-eighth of seven-eighths of the oil produced, saved and sold from said well," restricts the interest purchased by appellees from appellant to the first well—the one producing oil at the time of their purchase. We do not agree with such contention. The interest purchased is a reversionary one and is not limited to any portion of the tract of land, or to any well, or number of wells but runs through the entire tract. It is our opinion that the phrase copied last above has reference only to the date when appellees' interest shall take effect. Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930, 931. Moreover, it is a settled rule of construction of conveyances in this state that "every part of the deed must be given effect if it can be done, and, when all of the parts are harmonized, the largest estate that its terms will permit of will be conferred upon the grantee," Cartwright v. Trueblood, supra, citing Hancock v. Butler, 21 Tex. 804, 816. When the above rule of construction is applied to the mineral conveyance in this case it becomes apparent that two estates are conveyed, first, $\frac{1}{16}$ of $\frac{7}{8}$ working interest in well No. 1, and second, $\frac{1}{32}$ of $\frac{7}{8}$ working interest, running throughout the $\frac{7}{17}$ acre church tract, to become effective on the date of the payment of the original purchase price of $10,-000. This point is overruled.

The above holding renders unnecessary a discussion of the other points advanced by appellants.

The judgment is affirmed.