Charles S. DILBECK et al., Appellants,

v.

BILL GAYNIER, INC., Appellee.

No. 16175.

Court of Civil Appeals of Texas.
Dallas.

May 17, 1963.

Rehearing Denied June 14, 1963.

Turner, Rodgers, Winn, Scurlock &
Terry, Frank J. Scurlock and Jerry N.
Jordan, Dallas, for appellants.

Lefkowitz, Green, Ginsberg, Eades &
Gilmore, John Plath Green, and Jack D.
Eades, Dallas, for appellee.

BATEMAN, Justice.

This trespass to try title suit involves the construction of a provision in a deed which appellants contend is a condition subsequent or, in the alternative, a covenant. Alleging a breach of the provision, the appellants sue for a forfeiture of title as for breach of condition, and, in the alternative, for damages arising out of the breach of the covenant. Both parties moved for summary judgment; appellants' motion was overruled and that of appellee sustained.

We have concluded that the provision in question did not create a condition subsequent. Considering, without deciding, that it may have been a covenant running with the land, we reverse the judgment and remand the case for trial.

Appellants owned approximately 29 acres of land abutting Preston Road, a heavily traveled thoroughfare extending in a northerly direction through and beyond the north limits of the City of Dallas. The land was subsequently annexed to the City of Dallas. On February 15, 1955 the appellants conveyed to Albert L. Greer, Trustee, 18 acres off of the east side of the tract, retaining title to the remaining 11 acres fronting on the east side of Preston Road. The deed is in the form of a general warranty deed but contains the following special provisions:

"It is agreed by and between the parties herein that Grantee anticipates that the property here conveyed will be subdivided into building lots, and it is agreed by Grantors herein that at the time of the making of said subdivision, that they will dedicate to public use a road or street 60 feet wide extending across property owned by them on the West of the property here conveyed; said street to extend from Preston Road to the property here conveyed; and it is agreed by Grantee that such road to be dedicated by Grantors shall be located and situated at such place as Grantors may choose and direct, and it is further agreed that said 60 foot street shall be paved to the specifications as directed by the City of Dallas at the total expense of the Grantee herein.

"It is further agreed by and between the parties hereto that Grantors desire that the property owned by them adjoining on the West side of the property here conveyed be zoned for business or commercial use, and Grantee herein has no objection to the zoning of said property of Grantors for business or commercial use, *it is therefore, made a condition for the conveyance of the property described above herein that Grantee, his heirs and assigns, will make no objection to any governing body against the zoning of said Grantors property for business or commercial use,* however, it is hereby agreed that the above said commercial property that adjoins the property hereby conveyed shall be screened on the side adjoining said conveyed property according to the requirements of the City Engineer, and it is further agreed that the screening shall be done at the expense of Grantors herein." (We have italicized the provision in question.)

The following facts appear to be undisputed:

By mesne conveyances, title to the said east 18 acres was acquired by appellee, a Texas Corporation. Appellants applied to the City Plan Commission of the City of Dallas for the rezoning of the west 11 acres retained by them for business or commercial uses. A written protest was filed by Bill Gaynier. Others also protested. Gaynier was an experienced real estate man and was familiar with zoning proceedings, knowing that the City Plan Commission made recommendations to the City Council and that his signed protest would be made a part of the record before the City Plan Commission. He acquired actual

knowledge of the provision in question in the Greer deed after he sent in his written protest but before the Plan Commission hearing, and did nothing to retract or withdraw the protest. The City Council followed the recommendation of the Commission and denied the application.

William Gaynier, sometimes called Bill Gaynier, was the sole shareholder, president and a director of appellee Bill Gaynier, Inc. The other two directors were his wife and his attorney. He testified by deposition that his protest against the change of zoning was on behalf of himself, not the corporation, although he owned no land in the vicinity and appellee's land adjacent to that of appellants was the only land owned by it in the vicinity.

■ Before undertaking to construe the provision in question we should first set forth several well known rules of construction. The first of these is that we should ascertain and give effect to the intention of the parties as gathered from the entire instrument, together with the surrounding circumstances, unless that intention is in conflict with some unbending canon of construction or settled rule of property, or is repugnant to the terms of the grant. 14–B Tex.Jur. 574, § 125.

■ "Every part of the deed must be given effect if it can be done, and, when all of the parts are harmonized, the largest estate that its terms will permit of will be conferred upon the grantee." Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930, 931.

■ The courts will not declare a forfeiture unless compelled to do so by language that will admit of no other construction. Automobile Ins. Co. v. Teague, Tex. Com.App., 37 S.W.2d 151, 153.

■ The language of a deed is that of the grantor, and if there is any doubt as to its meaning, it should be resolved against him. Couch v. Southern Methodist University, Tex.Com.App., 10 S.W.2d 973; 14–

B Tex.Jur. 580, § 133; 16 Am.Jur. 530, § 165.

■ The chief distinction between a covenant and a condition subsequent has to do with the remedy in the event of a breach. If a covenant, the remedy is an action for damages, but the breach of a condition subsequent results in a forfeiture of the estate. The use of the technical word "condition" or "covenant" in the deed is not determinative of the character of the clause or provision to which it refers. 14 Am. Jur. 480–482, Sec. 3.

■ While the words "on condition" in a deed are apt words to create a condition, yet they do not necessarily do so; and while words of re-entry or forfeiture are important as evidence of an intention to impose a condition subsequent, they are not necessary or indispensable to do so. Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451; Rooks Creek Evangelical Lutheran Church v. First Lutheran Church, 290 Ill. 133, 124 N.E. 793, 7 A.L.R. 1422; Los Angeles University v. Swarth, 9 Cir., 107 F. 798, 54 L.R.A. 262; 12 Tex. Jur. 131, Sec. 86.

■ Applying these principles to the undisputed facts presented here, we hold that the provision in question does not create a condition subsequent. We are of the opinion that the provision was intended by the parties to create personal obligations or covenants between them, which may or may not be binding upon their respective assigns. We are forced to this conclusion despite the use of the words "made a condition for the conveyance, etc.", because the deed shows on its face that the parties knew that the property conveyed thereby was to be subdivided into "building lots" (which we understand to be lots suitable for the buiding of homes thereon.) We do not believe the grantors (appellants) contemplated that any one of these individual owners, by objecting to the zoning of appellants' property for business uses, would cause his own homesite, and pos-

sibly the entire 18 acres in the addition, including streets and alleys, to be subject to forfeiture. If appellants had any such intention it could easily have been expressed in the deed. Its omission, while not controlling, is significant.

The other special provisions in the deed would indicate that the parties to the deed had in mind, not the permanent impediment or encumbrance on the title which a true condition subsequent would be, but rather an agreement which would probably be entirely consummated in a relatively short period of time. In other words, we think the true intent of the parties was that within a few years, or possibly within a few months, appellants would apply for and obtain the change in zoning, to which change the grantee and his assigns would not object, and in consideration of their not objecting appellants would dedicate the 60 foot street through their retained 11 acres, connecting the conveyed land with Preston Road, and would also erect some sort of screen between the tracts to hide the commercial development from the view of the homeowners occupying the conveyed land. We see nothing in the deed to suggest an intention to attach a permanent condition to the title to the property, and to each individual homesite, except the use of the word "condition" and in our view that is not sufficient.

■ In sustaining appellee's motion for summary judgment, the trial court also impliedly held that appellants were not entitled to damages as for breach of a covenant running with the land. We cannot say from the record before us, however, that appellee has met the burden imposed upon it to establish the lack of any genuine issue of material fact with respect to appellants' alternative plea for damages, from which it follows that the judgment must be reversed. Rule 166–A, Vernon's Texas R.C.P.; Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. In saying this we do not intend to be understood as holding that appellee is liable to appellants for damages,

or even that the covenant is one running with the land; we leave those questions to be determined by the trial court on the trial of the merits of the case.

■ Appellee takes the position that the agreement not to object to the proposed zoning change is void and unenforceable because it is against public policy, the argument being that it would constitute an attempt by a citizen to barter or sell his constitutional right of free speech and his right to petition the Government. We do not agree. We see no violence to the public policy of the state or nation in the agreement of a landowner not to protest his neighbor's legitimate attempt to secure a more profitable or favorable zoning of his adjoining land. By his acceptance of the deed, the original Grantee assented to the statement therein that "Grantee herein has no objection to the zoning of said property of Grantors for business or commercial use." Having no objection, how can it be said to affect adversely the public weal for him to agree not to voice any such objection? St. Regis Candies v. Hovas, 117 Tex. 313, 3 S.W.2d 429; Mid-Continent Supply Co. v. Conway, Tex.Civ.App., 240 S.W.2d 796, err. ref. n. r. e.; Missouri K. & T. Ry. v. Carter, 95 Tex. 461, 68 S.W. 159, 164.

■ Appellee next assails the validity of the provision in question by saying that the objection made by Gaynier to the City Plan Commission was not an "objection to any governing body." The City Plan Commission is an agency invested by law with the duty of hearing applications for zoning and zoning changes and of making recommendations thereon to the City Council. An objection filed with the City Plan Commission is in effect an objection to the City Council, which is the governing body. Arts. 1175(26), 1011a, 1011d and 1011f, Vernon's Ann.Tex.St. Therefore, this contention of appellee is overruled.

■ Appellee then says that it cannot properly be held to have breached the agree-

ment in question, whether it be a condition or a covenant, because the objection made by Bill Gaynier was his individual action and not that of the corporation (appellee). We hold that Mr. Gaynier's action in filing the protest was the action of his corporation, the appellee herein. As above pointed out, he owned all of the stock and was its president. The Board of Directors consisted of himself, his wife and his attorney. He owned no property in the vicinity, and the corporation's property, which is the subject matter of this suit, is the only property owned by appellee in the vicinity. Under these circumstances it would be "a farcical paradox" for appellee to be able to avoid the result of the actions of its president and sole shareholder, which were obviously intended to be in its interest. State National Bank v. Encinal Mercantile Co., Tex.Civ.App., 277 S.W. 398, err. ref.; Toyaho Creek Irr. Co. v. Hutchins, 21 Tex. Civ.App. 274, 52 S.W. 101, err. ref.; Boston & Tex. Corp. v. Guarantee Life Ins. Co., Tex.Civ.App., 233 S.W. 1022, err. ref.

Accordingly, the judgment of the court below is reversed and remanded for trial.

Reversed and remanded.