Grover C. CANNAN, Sr., et al., Appellants,

v.

E. R. WALKER et ux., Appellees.

No. 11239.

Court of Civil Appeals of Texas.

Austin.

Nov. 25, 1964.

Rehearing Denied Dec. 16, 1964.

Second Motion for Rehearing Denied
Jan. 6, 1965.

A. Guy Crouch, Paul F. Ferguson, Bob S. Owen, Alvin, Mark V. Fuchs, New Braunfels, for appellants.

Schleyer, Bartram, Reagan & Burrus, New Braunfels, for appellees.

HUGHES, Justice.

This is a suit in trespass to try title brought by E. R. Walker and wife, Lenora Walker, against Grover C. Cannan, Sr., Carolyn A. Cannan and James Wiley Cannan to recover the title to and possession of .

14.29 acres of land out of the C. H. Hunt Survey #21, Comal County, Texas, described by metes and bounds and as being a portion of a 356.9 acre tract of land conveyed by Carrie George to L. K. Walker by deed dated May 28, 1947.

Trial to the court without a jury resulted in judgment for Mr. and Mrs. Walker. Findings of fact and conclusions of law were requested by appellants and were made and filed by the trial judge.

We summarize the findings of fact and conclusions of law as follows:

### Findings

1. The land in suit is described by metes and bounds and as being out of the N E corner of C. H. Hunt Survey #21, Comal County.

2. Appellees claim such land.

3. Appellees have a regular chain of title to such land emanating from the State of Texas.

4. Appellants do not claim title under any deed.

5. The land in suit is a portion of the land devised to Caroline Sattler under the joint will of William and Sophie Sattler.

6. The land in suit is entirely enclosed by fence.

7. Appellees' ranch abuts the land in suit on the south and west.

8. Appellants' ranch abuts the land in suit on the north and east, which ranch appellants bought from R. R. Burleson by deed dated December 9, 1953, and took possession thereof shortly thereafter.

9. R. R. Burleson acquired title and possession of the ranch known as the "Cannan Ranch" from Howard E. Nessly by deed dated July 8, 1950, and acquired other portions of such ranch at other times.

10. R. R. Burleson and Howard E. Nessly disclaimed any interest in the land in suits.

12. Appellants, and those under whom they claim, have not lived upon the land in suit.

13. This suit was filed October 24, 1962.

Findings 11 and 14 are omitted as they find against appellants' pleas of limitations, complaint as to which is not here made.

Additional findings were requested and filed and included a finding that Point Creek is not the same as Sattler Creek or Hamblin's Branch.

The trial judge in his conclusions of law found that appellees had the record title to the land, that appellants failed to establish title by limitations and that appellees were entitled to judgment.

Appellants' First Point is that the joint will of William and Sophie Sattler, a necessary link in appellees' chain of title, was, in the light of the evidence, inadequate to pass title to the land in suit to Caroline Sattler.

Under the William and Sophie Sattler will Caroline Sattler was devised a life estate in that "part of our 616 farm, which lies on the west side of the Sattler's Creek and of the Hamblin Branch."

The devise over was to Carrie, Venore and Wilhelmine, daughters of Mrs. Sattler by a previous marriage. Appellee, Mrs. Walker, is a daughter of Venore.

Mrs. Walker testified that her grandmother, Caroline Sattler, had possession of the property devised to her during her lifetime, (1920) and that afterwards it was held by the girls "according to the will." The property was never partitioned between these three daughters of Caroline Sattler. The property was occupied by Carrie (Mrs. George) until her death in 1956. Thereafter, the property was amicably divided.

We insert here a plat of the area involved in this suit prepared by Mr. A. M. Moellering, a registered public surveyor, for appellants, and who was their witness:

It will be observed that a creek crosses the 14.29 acre tract (I) in controversy, leaving substantial portions of the tract on either side of the creek. Obviously, if this creek is the one referred to in the Sattler will, then all of the 14.29 acre tract does not lie west of the creek and did not pass to appellees' predecessors in title under such will.

Mrs. Walker testified that the 14.29 acre tract lay west of Sattler Creek; that Point Creek runs into Sattler Creek and thence into the Guadalupe River. Mr. James R. Hall, Hays County Surveyor and registered public surveyor, a witness for appellees, gave similar testimony.

It is the contention of appellants that Point Creek, Sattler Creek and Hamblin Branch are one and the same stream. They refer to a recitation in one of the deeds in appellees' chain of title reading; "Point Creek, also known as Sattler Creek and Hamblin Branch." A witness for appellants, Mr. Marvin Sattler, testified that he was not related, except, perhaps, distantly, to the Sattlers involved in the ownership of this property, and that he had known the property since 1940, that in those days the creek was known as "Sattler Creek, Allen Hollow," and that he had never heard it called Point Creek. Also, in evidence is a plat by Mr. Moellering showing Point Creek flowing south to the Guadalupe River without any branches. There is other evidence that Point Creek had been called Sattler Creek.

Mrs. Walker testified that Sattler Creek crossed the Sattler ranch but she was rather vague in her description of it. She was positive that the creek which crossed the 14.29 acre tract was Point Creek and not Sattler Creek.

■ Carrie George occupied for herself and her two sisters that portion of the Sattler ranch, including the tract in controversy, without any claim by any of the owners of the balance of the ranch, or anyone else, being made that she or her sisters were not entitled to occupy and use such lands as their own. This, in our opinion, amounted to a practical construction of the will by the parties interested in it which should be binding, at least on naked trespassers as appellants are if this tract is located in the C. H. Hunt Survey No. 21.

■ It is our opinion that the evidence supports the finding of the trial court that Point Creek and Sattler Creek and Hamblin Branch are not one and the same stream and that title to the tract of land in suit, if in the Hunt Survey, passed under the Sattler will to Caroline Sattler and her three daughters.

Appellants' Second Point is that since the deed from Venora E. Salge and husband, Henry Salge, to appellees reserved a life estate in grantors which is not shown to have terminated, appellees had no possessory right entitling them to maintain this action.

The record shows that appellees acquired only an undivided one-third interest in the property in suit from Mr. and Mrs. Salge, subject to their life estates, and that they acquired two-thirds interest in such property from others which was not subject to a life estate.

■ Appellees were shown to own the entire fee title to this property and to have a possessory right to at least two-thirds of it. This title is sufficient to maintain an action in trespass to try title and to recover the full title and full possession as against a stranger to the title or a naked trespasser. 56 Tex.Jur.2d, Trepass to Try Title, Sec. 12, p. 82. This point is overruled.

By their last point, appellants assert that appellees have not shown the 14.29 acre tract to be located on the ground within their muniments of title.

This point resolves itself into the contention that the tract sued for is not within the calls of the C. H. Hunt Survey No. 21,

which contention turns upon the proper location on the ground of the north line of this survey, it being the position of appellants that this line is located 375.12 varas south of the line established by the trial court. Appellants' location of this line would exclude the 14.29 acre tract from the Hunt Survey.

Appellants' location of the north line of the Hunt Survey is based primarily on the "discovery" of a stone mound on a ridge, the mound being 3' high and having a 2' x 2' top at a point approximately 954 varas west of the established east line of the Hunt and, as stated, 375.12 varas south of the north line of such survey as established by the court herein.

The Patent calls for the Hunt are:

"In Travis District, known as Survey No. 21, on the north bank of the Guadalupe River about twelve miles north from New Braunfels. Beginning at a stake on the north bank of the Guadalupe River for the southeast corner of Survey No. 20, from which a pecan marked S, 20 inches diameter bears south 57 degrees east 6 varas, and another marked X, 20 inches diameter bears north 32° east 15 varas. Thence down the river with its meanders north 37° east four hundred and eighty five varas. North 45° east two hundred and twenty varas. North 88° east four hundred and ninety eight varas to a stake on the bank of the river from which a black walnut 24 inches diameter mkd. H bears north 38° west, 9 varas, and another 12 inches diameter bears north 4° east 3 varas and a cypress marked X 24 inches diameter bears south 10 varas. Thence north at sixty varas Point Creek, at three thousand six hundred and twenty two varas a stone mound for the northeast corner of this survey. Thence west at nine hundred and fifty varas a stone mound on a mountain for the northwest corner of this survey. Thence south, at seven hundred and fifteen varas intersected the northeast

corner of Survey No. 20 made for Ralph Sowter and with the east line of said survey three thousand five hundred and twenty three varas, in all four thousand two hundred and thirty eight varas to the beginning."

First, it will be noted that the call for the N.W. corner is for a stone mound on a "mountain," not a ridge.

Mr. Moellering, who found the stone mound on a ridge which he accepted as the N.W. corner of the Hunt testified that he ran, on the ground, the patent distance from the N.E. corner of the Hunt, as advocated by appellees, and that he was "practically on top of the mountain * * * on the side of a mountain * * * pretty nearly the top." He found no acceptable stone mound at this point.

More important, in running from Moellering's mound south the Patent call for the N.E. corner of the Sowter is missed and the patent distance to the Guadalupe River is short 1065 feet. A similar shortage (994') is found in the Patent call of the east line of the Hunt Survey. The shortages in these lines are about 10%. Also, the acceptance of such mound causes an overage (111 varas) in the south line of the Hunt of about 9¼%.

█ The Hunt Survey is junior to the Ralph Sowter Survey No. 20, to the west, and its beginning call is the S.E. corner of the Sowter on the North bank of the Guadalupe River. If the stone mound accepted by Mr. Moellering for the N.W. corner controls the ground location of the Hunt then the Hunt is in conflict with the Sowter on the West by 106.2 varas. Of course, a junior survey cannot conflict in fact with a senior survey.

If the Hunt Survey is constructed from its beginning call off the senior Sowter Survey there is less than 1% discrepancy in the calls for distance in the east, south and west lines of such survey. Only in the north line of the Hunt would there be a material variation. This line would be

850 varas rather than the patent call of 950 varas.

The result of the acceptance of appellants' N.W. corner of the Hunt would also cause disturbance among the surveys junior to the Hunt which have been constructed on the north and east and tied to the Hunt in the location assumed by appellees. We quote from the testimony of Mr. Moellering in this regard:

"Q. All right, sir. Based on your theory, Mr. Moellering, the Conrad Tausch Survey at this time would not fit, would it, based on your call?

"A. It does not fit in any event.

"Q. The Carrie George doesn't fit, does it?

"A. No, sir, it doesn't.

"Q. And the Adolph Tausch would be cut in half, wouldn't it? Is that not correct?

"A. Yes, sir."

We will not detail the evidence to support these statements of Mr. Moellering because he was appellants' witness, and they are not disputed.

The Hunt Survey was patented in 1848. There are no marks on the ground which are positively identifiable as marking the north line of this survey. Considering this lapse of time, the very rough characteristics of the country, the then small value of the land and the poor equipment used by surveyors of that day, it is understandable that this survey was not better marked.

■■ It is our duty when it is not possible to give effect to all calls of a land grant to disregard as few calls as possible and to disregard first those calls of inferior dignity. The only call which we need to revise in order to harmonize the remaining calls in the patent and to avoid apparent conflicts with and readjustment of junior surveys to the north and east of the Hunt is the call of 950 varas west to a stone mound with no bearings for the north line of the Hunt. By reducing this call to 850 varas and ignoring the unidentified stone mound discovered by appellants at approximately the 950 varas distance, the other calls are all substantially honored, and undesirable results avoided.

The judgment of the trial court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

■■ We held that the conduct of parties interested in the Sattler will amounted to a practical construction of it consistent with the claims of appellees. Appellants assign error in this holding because the Sattler will was not ambiguous in describing the property appellees claim. This is correct. The ambiguity arose when the description contained in the will was applied to the ground. This latent ambiguity, ground location of the named creeks, was subject to explanation by parol evidence. Kingston v. Pickins, 46 Tex. 99, 101, Waxler v. Klingemann, 272 S.W.2d 746, Austin C.C.A., writ ref., n. r. e. Conduct of the interested parties in acquiescing in the possession of the property in suit by appellees' predecessors in title was admissible evidence to explain the location on the ground of the property described in the Sattler will passing to such predecessors in title in view of the conflicting evidence as to the names of the creeks found in the vicinity.

The motion is overruled.

Motion overruled.